## Richmond

PRESTON EDWARD LYLE, AN INFANT, AND LILLIE HALL ALLEN v.
LINWOOD E. EKLEBERRY, ADMINISTRATOR OF THE ESTATE OF
KARL EVERETT EKLEBERRY, DECEASED.

December 6, 1968.

Record No. 6774.

Present, All the Justices.

*John F. Rixey* (*Rixey and Rixey*, on brief), for plaintiffs in error.

*Theodore A. Boyce* (*Boyce and Spanoulis*, on brief), for defendants in error.

Per Curiam.

The motion to dismiss this appeal on the ground that it was not perfected in the manner provided by law is well made and the appeal must be dismissed.

On December 15, 1966, in a wrongful death action, the trial court entered judgment in favor of Linwood E. Ekleberry, the plaintiff administrator, against the defendants Preston Edward Lyle, an infant, and Lillie Hall Allen in the sum of $20,000, with interest, in accordance with a jury verdict. On December 22 it entered an order overruling the defendants' renewed motion to set aside the verdict and grant them a new trial and directing the disposition of the proceeds

of the verdict which had not been provided for by the terms of the previous order. Code § 8-638 [Repl. Vol. 1957].

On January 6, 1967 counsel for the defendants wrote the judge of the trial court expressing the desire to submit additional authorities and reargue the motion to set aside the verdict. The letter stated: "I do not know if the final judgment order has been entered as of this writing. If the order has not been entered, I would appreciate your withholding entry of said order until such time as I could argue before you on our motion to set aside the verdict. If the order has already been entered, I would appreciate the court vacating the order if we are still within the twenty-one day period."

Under date of January 12 the trial judge replied that the order "had been entered when I received your request for further argument." The letter suggested that the twenty-one day period might run "from the date of the verdict of the jury" [December 15, 1966] and not from the date of the "Order of Distribution of the Money" [December 22], but that upon notification to counsel for the plaintiff a reargument of the motion to set aside the verdict would be heard. However, no order was entered of record vacating or suspending the judgment of December 15 or that of December 22, or indicating that the court had under consideration such action.

On February 23, 1967 the judge of the trial court wrote counsel for the defendants that upon consideration of the reargument and the authorities submitted, "the court is of the opinion that the original verdict of the jury should not be disturbed."

On March 7 the trial court entered an order reciting that "the court being of the opinion that the judgment heretofore entered in favor of the plaintiff should be reaffirmed, which opinion of the court is fully contained in a letter directed to counsel in this matter, which letter bears date of February 23, 1967, and is filed herein, the court doth ORDER, ADJUDGE and DECREE that the said motion of the said defendants is hereby overruled, and the judgment heretofore entered in this cause is reaffirmed, to which action of the court the defendants, by their counsel, do duly except and object."

Deeming this to be the final judgment in the case, the defendants perfected their appeal with respect thereto, and appealed therefrom. They filed their notice of appeal and assignments of error on May 8, and the petition for a writ of error or appeal on June 28.

The trouble with the defendants' position is that the order of December 22, 1966, overruling the defendants' renewed motion for a

new trial, entering judgment on the verdict of the jury, and distributing the proceeds was a final judgment. With the passing of twenty-one days thereafter this judgment was no longer under the control of the trial court and subject to be modified or vacated by it. Rule 3:21; *Id.*, 1:9. Hence, the order of March 7, 1967 was void and of no effect.

In *Cobb* v. *Commonwealth*, 152 Va. 941, 146 S. E. 270 (1929), we held that where the record showed that a motion to set aside or vacate a judgment of conviction had been made and taken under consideration by the trial court before the judgment had become final, the time for perfecting an appeal ran from the date on which such motion was disposed of. (152 Va. at 946, 947, 146 S. E. at 271, 272.) In the present case the record fails to show that before the judgment of December 22, 1966 became final a similar motion to set aside or vacate it was made and taken under consideration by the trial court. *Cf. Gabbard* v. *Knight*, 202 Va. 40, 43, 116 S. E. 2d 73, 75 (1960).

Counsel's letter of January 6, 1967 to the judge of the trial court, requesting that the final judgment if entered be vacated, did not have that effect. An order of the court was necessary. *Harvey* v. *Chesapeake & Potomac Telephone Co.*, 198 Va. 213, 218, 93 S. E. 2d 309, 313 (1956); *Smith* v. *Commonwealth*, 207 Va. 459, 466, 150 S. E. 2d 545, 550 (1966).

Here the notice of appeal and assignments of error were not filed within the time prescribed by Rule 5:1, § 4, nor was the petition for a writ of error presented within four months of the date of final judgment, as required by Code § 8-463.

*Dismissed.*