## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Bank of Virginia

v.

Norport Supply Co., Inc.

November 3, 1969

Case No. (Law) 3250

By JUDGE EDWARD L. RYAN, JR.

Within twenty-one days of the entry of (summary) judgment in favor of the plaintiff, the defendant moved the court to vacate and set aside said judgment. Within the same period, the court entered an order noting the filing of defendant's written motion and concluding with the following language:

> And the court desiring additional time to further consider and adjudicate upon said motion to vacate said judgment, doth therefore continue said matter until a further hearing may be had by the parties and the court thereon.

The twenty-one days now having expired, the plaintiff says that the judgment has become absolutely final and that this court has no authority to vacate the judgment. In essence, the plaintiff says that failure to "modify" or "vacate" the judgment within twenty-one days results in the finality. Rules of Court (Va.) 3:21.

In *Gabbard v. Knight*, 202 Va. 40 (1960), the plaintiff filed motions within twenty-one days to set aside the

judgments, which the court overruled. The Court of Appeals said the following:

> Hence, at the time of the last *motion* of the plaintiffs the judgments had not become final and the lower court had *full* power and authority to inquire into the *sufficiency* of the evidence to sustain the verdicts and the objections made during the trials on its rulings on the instructions. (Italics added.)

In *Lyle and Allen v. Ekleberry*, 209 Va. 349 (1968), counsel for defendant, *merely by letter*, "wrote the judge of the trial court expressing the desire to submit additional authorities and reargue the motion to set aside the verdict." The Court of Appeals held that this was not sufficient, saying the following:

> However, no *order* was entered of record vacating or *suspending* the (earlier judgments), or indicating that the court had under consideration such action. . . .
>
> In Cobb v. Commonwealth, 152 Va. 941, 146 S.E. 270 (1929), we held that where the record showed that a *motion* to set aside or *vacate a judgment* of conviction had been made and *taken under consideration* by the trial court *before the judgment had become final*, the time for perfecting an appeal ran from the date on which such *motion* was *disposed of*. . . . In the present case the record fails to show that before the judgment of December 22, 1966, became final *a similar motion to set aside* or vacate it was *made* and *taken under consideration by the trial court*. Cf. Gabbard v. Knight, 202 Va. 40, 43, 116 S.E.2d 73, 75 (1960).
>
> Counsel's letter of January 6, 1967, to the judge of the trial court, requesting that final judgment be vacated, did not have that effect. *An order of the court was necessary.* (Italics added.)

See also *Smith v. Comm.*, 207 Va. 459 (1966); *Harvey v. C. & P. Tel. Co.*, 198 Va. 213 (1956).

The order entered in this case indicated "that the court had under consideration such action" (to vacate the judgment), and it was an order "suspending" the earlier judgment.

> SUSPEND. To interrupt; to cause to cease for a time; to stay, delay or hinder; to discontinue temporarily, but with an expectation of resumption. *Black's Law Dictionary*, 3rd Ed., p. 1690.

Finally, plaintiff says that the action of the court in taking the factual issue from the jury at the conclusion of all the evidence now deprives it of a jury trial and that it is entitled to such by way of a new trial. The court holds, as a matter of law, that no actual fact issue was presented calling for resolution by a jury.

The motion of plaintiff for leave to suffer a nonsuit comes too late and is denied.

The court is entering *today* (November 3, 1969) an order setting aside the judgment for plaintiff and granting judgment for defendant.