## Richmond

### EUGENE R. GODFREY V. DAVID B. WILLIAMS, INDIVIDUALLY, ETC., ET AL.

April 22, 1977.

Record No. 760469.

Present, All the Justices.

*Robert M. White (White & Selkin,* on brief), for plaintiff in error.

No brief or argument for defendants in error.

Per Curiam.

On September 8, 1975, the trial court, sitting without a jury, entered judgment for the plaintiff, Eugene R. Godfrey, against the defendant, David B. Williams, individually, in the amount of $3,067.03, and found for certain other defendants.

Twenty-one days later on September 29, 1975, the trial court entered, *ex parte,* an order extending to October 6, 1975 the twenty-one day period, established by Rule of Court 1:1, within which a final judgment shall remain under the control of the trial court and subject to modification or vacation. The court's order also directed counsel for the defendant to serve notice upon counsel for plaintiff of his intention to petition the trial court to set aside the judgment entered on September 8.

On October 28, the trial court vacated the September 8 judgment and ordered the matter heard on its merits *de novo*. After a hearing on the merits on December 12, 1975, the trial court, again sitting without a jury, entered judgment for all defendants.

Plaintiff contends that the trial court was without jurisdiction to "extend" the twenty-one day period and to enter the orders of October 28 and December 12. We agree.

Rule 1:1 [1] then provided that:

"All final judgments, orders and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified or vacated for twenty-one days after the date of entry, and no longer. . . ."

This rule granted the trial court authority to *modify* or *vacate* a final judgment within twenty-one days after entry, but it did not authorize the trial court to extend the twenty-one day limitation period. Here, the order of September 29 did not modify or vacate the September 8 judgment order, but extended the twenty-one day period.

In *Lyle and Allen* v. *Ekleberry*, 209 Va. 349, 350-51, 164 S.E.2d 586, 587 (1968), we said that an order vacating a final judgment must be entered within the twenty-one day period, and if not, the judgment is no longer under the control of the trial court.

The trial on December 12 was founded on the orders entered on September 29 and October 28. Because the trial court lacked authority to extend the twenty-one day period and thereafter to vacate the final judgment of September 8, the December 12 judgment finding for the defendants was void.

For the reasons stated, we reverse the judgment of December 12 and here reinstate the judgment entered on September 8.

> *Judgment of December 12 reversed, judgment entered on September 8 reinstated, and final judgment.*

---

[1] The rule was amended, effective September 1, 1976, to provide that final judgment may also be "suspended" within the twenty-one day period.