## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Weidner

v.

Boutchyard et al.

August 22, 1986

By JUDGE JOHN A. JAMISON

I have studied the exhaustive brief in the above case in support of Mr. Sheffield's motion to set aside the verdict, to grant a remittitur or award a new trial. It is well-reasoned and accompanied by pertinent excerpts from the record and citations of authority. And though persuasive, I am compelled to find that the court is without authority to grant the motions.

The verdict was rendered on May 23, 1986, and the judgment thereon was entered the same day. The above motions were filed on June 12, the date on which the twenty-one-day "grace period" expired. However, careful examination of the file fails to reflect that any other motion was filed or order entered to suspend the judgment. For that reason, the same became final on June 13 and the court literally lost its jurisdictional authority to take any further action.

Numerous cases in the annotations following the text under Rule 1:1 can be found sustaining this position, although the Supreme Court spoke most emphatically to this point in the case of *In Re Commonwealth, Department of Corrections*, 222 Va. 454 (1981).

The suggestion that an order *nunc pro tunc* could cure the problem is not valid, as such order may be entered only to correct defects, or results not intended by the court. Mr. Neely's citation of the case of *Lyle v. Ekleber-*

*ry*, 209 Va. 349 (1968), is still considered current authority for this position in civil cases. The matter has arisen in other cases in this court and this ruling has always been the same.

The brief of the defendants includes a recital of items more appropriately to be considered by the Supreme Court, for the reason that each of them has to do with the propriety of matters before the jury and questions of admissibility of evidence and rulings of the court which the defendants believe to be erroneous. If it is consoling to defendants, the court is of the opinion that it would not be appropriate to grant the motions in any event, for several reasons which would be the subject of a lengthy analysis of the evidence and points listed by counsel. Having found the court to be without authority to consider such motions, I do not feel that an opinion on the merits would be appropriate. The appeal is on its way to the Supreme Court which is not the proper forum to consider the points listed.