## SCHOOL BOARD OF THE CITY OF LYNCHBURG

### V.

## CAUDILL ROWLETT SCOTT, INC., ET AL.

Record No. 861159

April 21, 1989

Present: All the Justices

*Steven C. McCallum (McGuire, Woods, Battle & Boothe*, on briefs), for appellant.

*Lawrence H. Framme, III; William Rosenberger, Jr. (Barrett E. Pope; James A.L. Daniel; Martha White Medley; Mezzullo, McCandlish & Framme; Meade, Tate and Daniel, P.C.*, on briefs), for appellees.

RUSSELL, J., delivered the opinion of the Court.

We must sustain a motion to dismiss this appeal on jurisdictional grounds. Our consideration of the motion involves Rule 1:1, which provides that final judgments, orders, and decrees remain under the trial court's control for 21 days after entry, and no longer; Rule 5:9, which prescribes the mandatory 30-day period after final judgment within which a notice of appeal must be filed; and Code § 8.01-428(B), which provides for the correction of judgments to remedy clerical mistakes.

On July 26, 1984, the School Board of the City of Lynchburg (the Board) filed a motion for judgment against a number of defendants[1] who had been engaged in the design, supervision, bonding, and construction of a new high school building in Lynchburg, beginning in 1975. The Board alleged that the roof was defective and sought damages on various theories. The defendants filed pleas of the statute of limitations.

On May 14, 1986, the court, after hearing arguments and reviewing the memoranda of counsel, informed all counsel by letter of its decision to sustain the pleas of the statute of limitations. Counsel for the Board prepared a draft order carrying the ruling into effect, endorsed it "Seen and Objected," and forwarded it to defendants' counsel with a cover letter dated July 17. Defendants' counsel endorsed the order "We ask for this," and forwarded it to the trial judge for entry with a covering letter dated July 22. The trial court entered the order on July 25. The order dismissed the action,[2] made the transcript a part of the record, and waived the requirement of endorsement by all counsel pursuant to Rule 1:13. The order made no provision for the clerk to mail copies to counsel after entry.

On August 15, counsel for the Board telephoned the clerk's office of the trial court to inquire whether the final order had been entered, and was told that it had not been entered. On August 22,

---

[1] The Board named as defendants Caudill Rowlett Scott, Inc.; Wallie E. Scott, Jr., trading as Caudill Rowlett Scott, a partnership; CM Associates, Inc.; Standard Roofing of the Carolinas; Standard Roofing Company, Inc.; United States Fidelity and Guaranty Company; and the Celotex Corporation. Three of those defendants brought in Garland M. Gay and Associates, a partnership; and Garland M. Gay, individually, as third-party defendants.

[2] The court excepted from its ruling a fraud count against the Celotex Corporation. The Board, however, nonsuited that count and it is undisputed that the order of July 25, 1986, is, if subsequent events are disregarded, final.

counsel for the Board again called the clerk's office and was again informed by one of the clerk's staff that the order had not been entered. Counsel for the Board eventually learned, during a telephone conversation with defendants' counsel on September 3, that the order had been entered on July 25.[3]

Counsel for the Board had moved the court to reconsider its ruling on the limitations question even before the final order had been entered. In a letter to the judge dated June 23, counsel reiterated that while he had no objection to the form of the draft order which he had endorsed, he was not withdrawing his "request for reconsideration." The final order made no mention of the motion or "request" for reconsideration.

On September 4, the Board's counsel filed a "Plaintiffs' Motion for Relief from Clerical Mistake and Plaintiffs' Motion for Ruling on Motion to Reconsider." The motion described the erroneous information given by members of the clerk's staff to the Board's counsel as a "clerical mistake" and applied for relief under Code § 8.01-428(B). The motion also pointed out that the July 25 order was silent with regard to the Board's motion to reconsider, and moved the court to rule thereon.

The parties stipulated the facts pertinent to the Board's motion and argued the matter before the court on September 9. The court decided that the erroneous information given to counsel on the telephone constituted a "clerical mistake" within the meaning of Code § 8.01- 428(B). The court entered an order on September 9, purporting to vacate the July 25 order. The September 9 order also recited that the Board's motion to reconsider was "pending," granted the motion, and, upon reconsideration, again sustained the pleas of the statute of limitations and dismissed the case. The Board filed its notice of appeal on September 19.

The defendants filed a motion in this Court to dismiss the appeal on the grounds that there was no clerical mistake justifying the vacation of the July 25 order, that the trial court lost jurisdiction to vacate the July 25 order 21 days after its entry, that the July 25 order was final and appealable, and that no notice of appeal was filed within 30 days after its entry.

Rule 1:1 provides that final judgments, orders, and decrees remain under the trial court's control for 21 days after entry, and

---

[3] Defendants' counsel had been informed of the entry of the order by one of the clerk's staff on August 13. He had thereafter written for and obtained an attested copy.

no longer. At the expiration of that 21-day period, the trial court loses jurisdiction to disturb a final judgment, order, or decree except for the limited authority conferred by Code § 8.01-428. *See In Re: Dept. of Corrections*, 222 Va. 454, 463-64, 281 S.E.2d 857, 862 (1981); *Dorn v. Dorn*, 222 Va. 288, 291, 279 S.E.2d 393, 394 (1981); *Godfrey v. Williams*, 217 Va. 845, 846, 234 S.E.2d 301, 302 (1977); *Hirschkop v. Commonwealth*, 209 Va. 678, 166 S.E.2d 322, *cert. denied*, 396 U.S. 845 (1969). Because the trial court did not disturb the July 25 order until September 9, the question of the applicability of Code § 8.01-428 is crucial.

In *McEwen Lumber v. Lipscomb Bros. Lumber*, 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987), we said:

> There are strong policy reasons favoring certainty of results in judicial proceedings. Accordingly, we attach a high degree of finality to judgments . . . . Rule 1:1 implements that policy, and we apply it rigorously, unless a statute creates a clear exception to its operation. For the same reason, we have consistently construed Code § 8.01-428 and its predecessors, which create exceptions to the finality of judgments, narrowly.

(Citations omitted).

In *Council v. Commonwealth*, 198 Va. 288, 94 S.E.2d 245 (1956), this Court departed from the minority view theretofore prevailing, which required that corrections to final judgments could only be made where there was sufficient *record evidence* to justify the amendment. We adopted the majority view, which holds that the court may correct clerical errors in the record so as to cause its acts and proceedings to be set forth correctly. Such a correction may be based upon any competent evidence. But we said, in *Council*, "[t]he power to amend should not be confounded with the power to create. While the power is inherent in the court, it is restricted to placing upon the record evidence of judicial action *which has actually been taken* . . . ." *Id.* at 292, 94 S.E.2d at 248 (citation omitted) (emphasis added). We continue to adhere to the rule, adopted in *Council*, that the court has inherent power, independent of statute, to correct the record, based upon any competent evidence, in order to make the record "speak the truth." *Netzer v. Reynolds*, 231 Va. 444, 449, 345 S.E.2d 291, 294-95 (1986).

Code § 8.01-428(B), upon which the Board relies, provides, in pertinent part: "Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time . . . ." For the policy reasons mentioned in *McEwen Lumber*, quoted above, we have applied the same construction to the court's power to correct errors of oversight and inadvertent omission under Code § 8.01-428(B) as we applied, in *Council*, to the court's inherent power to correct the record to make it "speak the truth." The court has the power to correct the record under Code § 8.01-428(B) only "when the record clearly supports such corrections." *Cutshaw* v. *Cutshaw*, 220 Va. 638, 641, 261 S.E.2d 52, 53 (1979).

■ When these principles are applied to the present case, it is apparent that the final judgment entered on July 25, 1986, correctly reflected the court's rulings, correctly recited the proceedings, and was subject to no errors of oversight or omission. Indeed, there was no competent evidence from any source to suggest that it failed to "speak the truth."

The Board argues that the erroneous information given to counsel by the clerk's staff over the telephone constituted a "clerical mistake" within the statute. In this connection, the Board cites *Shipman* v. *Fletcher*, 91 Va. 473, 489, 22 S.E. 458, 464 (1895), where we said, "[t]he errors authorized to be corrected by this particular provision are misprisions of the clerk and what may be termed clerical misprisions of the court." The Board then argues that a "misprision" is simply "neglect or improper performance of official duty," citing Black's Law Dictionary 902 (5th ed. 1979).

We do not agree. In *Shipman*, this Court used the quoted language in the context of section 3451 of the Code of 1887, a statutory predecessor of present Code § 8.01-428(B). An examination of section 3451 discloses that it was lengthy and detailed, providing for the correction of mistakes in a number of specified situations. In each of those situations, the statute expressly required the existence of evidence of record to justify any correction. The decision in *Shipman*, therefore, did not use the term "misprision" in the broad sense for which the Board contends.

■ Moreover, the erroneous information given to counsel by the clerk's employees did not amount to "neglect or improper performance of an official duty." The duties of a clerk are limited by Article VII, § 4, of the Constitution of Virginia to those "pre-

scribed by general law or special act." The clerk is required by law to maintain accurate records, open to inspection by all who wish to examine them. But one who takes the shortcut of asking the clerk's employees to examine the record for him relies on the response at his peril. There is no showing that the clerk's official duty, which was to maintain accurate records, was neglected or improperly performed.[4]

█ We conclude that there was no "clerical mistake . . . arising from oversight or from an inadvertent omission" to authorize the court to act under Code § 8.01-428(B). In the absence of such authority, the order of September 9 was a nullity because the trial court had lost jurisdiction after 21 days had elapsed following entry of the final order of July 25.

█ This Court also lacks jurisdiction to entertain the appeal on its merits because no notice of appeal was filed with the clerk of the trial court within 30 days after entry of the final order, as required by Rule 5:9. That rule is mandatory, not merely directory. *Vaughn* v. *Vaughn*, 215 Va. 328, 329, 210 S.E.2d 140, 142 (1974).

█ Neither the filing of post-trial or post-judgment motions, *see Harvey* v. *Telephone Company*, 198 Va. 213, 218, 93 S.E.2d 309, 313 (1956), nor the court's taking such motions under consideration, *see Lyle and Allen* v. *Ekleberry*, 209 Va. 349, 350-51, 164 S.E.2d 586, 587 (1968), nor the pendency of such motions on the twenty-first day after final judgment, *see Smith* v. *Commonwealth*, 207 Va. 459, 466-67, 150 S.E.2d 545, 549-50 (1966), is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 or the 30-day period prescribed by Rule 5:9. The running of time under those rules may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order. *In Re: Dept. of Corrections*, 222 Va. at 463-65, 281 S.E.2d at 862-63. For those reasons, the pendency of the Board's motion for reconsideration, and the subsequent proceedings thereon, have no effect on the outcome.

---

[4] The July 25 order was apparently in the clerk's file on August 13, when defendants' counsel inquired about it. Counsel speculate that it might then have been temporarily removed because of defense counsel's request for a copy. Therefore, when the Board's counsel requested the clerk's employees to look for it on August 15 and August 22, it was not found, having been placed elsewhere for copying.

Accordingly, the defendants' motion to dismiss the appeal will be granted.

*Appeal dismissed.*