## CIRCUIT COURT OF FAIRFAX COUNTY

Elias Wilf Corp.

v.

Keystone Floors, Inc., et al.

May 12, 1989

Case No. (Law) 85698

By JUDGE THOMAS J. MIDDLETON

This matter is before the Court on Defendants' Motion to Vacate the Default Judgment against the Defendants and to Quash the Debtor Interrogatories (or in the alternative enjoin the proceedings until all motions have been heard and determined). For the following reasons, this Court determines that the Default Judgment against Defendant Michael W. Harding is set aside, and Debtor Interrogatories against that defendant are enjoined until a hearing on the merits is held. The Default Judgment against the Defendant corporation, Keystone Floors, Inc., is valid and shall stand. Other motions of Defendant to remove the levies or otherwise enjoin enforcement of that valid judgment are denied.

The issue in this case was whether Plaintiff exercised due diligence as required by § 8.01-329 in his attempt to locate the Defendant Michael W. Harding after the Sheriff could not effect service of process at the last known address.

It appears from the record that Plaintiff properly effected service of process on the Defendant Keystone Floors, Inc, via personal service on Paul Terrence O'Grady, the registered agent of the corporation. Whether or not the registered agent fulfilled his duty to report the legal proceedings to his principal has no bearing on the

effectiveness of the service. Having failed to file a responsive pleading within twenty-one days, the Defendant Keystone Floors, Inc., is properly held in default.

Plaintiff attempted service on Defendant Harding in several ways. The Motion for Judgment was originally directed to two addresses: P. O. Box 1572, Middleburg, Virginia 22110 (Loudoun County), and 3843 Skyview Lane, Fairfax, Virginia (Fairfax County). Both were returned with ineffective service since the Defendant could not be found. Significantly, the return from the Loudoun County Sheriff had a written notation of an address of "63 Ashlawn Boulevard, Palmyra, Virginia." No attempt was made to re-serve the Defendant at that time at that forwarding address. The only other attempts made by Plaintiff to locate Defendant Harding were to secure an address for him as an officer of Keystone Floors, Inc., from the State Corporation Commission (and seek forwarding addresses from the Sterling Post Office based on the address provided by the State Corporation Commission) and to seek a street address from the Middleburg Post Office based on the Post Office Box address there. None of these attempts proved fruitful. Plaintiff then effected substituted service on the Secretary of the Commonwealth by filing a due diligence affidavit pursuant to § 8.01-329.

Upon reviewing the above actions, the Court is of the opinion the Plaintiff did not exercise due diligence in his attempt to locate Defendant Harding. Although the Defendant actually moved to 58 Ashlawn Boulevard in Palmyra, not 63 Ashlawn Boulevard, an attempt to serve him on Ashlawn Boulevard should have been made. Plaintiff's counsel argues he relied on the computer entry of the Clerk's Office which merely indicated service in Loudoun County had not been effected. The Court is of the opinion that had Plaintiff's counsel looked in the file, he would have been the forwarding address on the return of the Sheriff. Reliance on the Clerk's Office computer entry is insufficient to establish due diligence. As the Virginia Supreme Court recently opined in *School Board of the City of Lynchburg v. Caudill Rowlett Scott, Inc., et al.*, 237 Va. 550 (1989): one who takes the shortcut of asking the clerk's employees to examine the record for him relies on the response at his peril.

The Court further notes that Plaintiff failed to contact the corporation's registered agent to secure an address for the corporate officer Harding. Although the Court rejects the argument of Defendant's counsel that Plaintiff should have contacted counsel for Harding for such an address, the Court does determine the registered agent, whose location Plaintiff did know, would have been a logical choice to contact since his duty is to pass along information concerning the corporation to those officers.

Lastly, the Court notes Plaintiff did properly effect service on Defendant Harding when requesting the Clerk's Office to issue a levy and to serve Debtor Interrogatories and provided the address of 58 Ashlawn Boulevard, Lake Monticello, Palmyra, Virginia 22968, to the Clerk's Office. That address, not employed until after the default was entered, could have been ascertainable from the Court file some four months earlier had the Plaintiff reviewed the file and made inquiries.