## CIRCUIT COURT OF FAIRFAX COUNTY

Charles M. Anderson

v.

Marc A. Busman et al.

November 1, 1990

Case No. (Law) 96413

**By JUDGE ROSEMARIE ANNUNZIATA**

The matter before the court is defendant's motion for sanctions pursuant to Va. Code § 8.01-271.1. Section 8.01-271.1 sets forth standards for acceptable advocacy, and sanctions may be awarded for violations of the provisions on motion of a party or on the court's own initiative.

The case in which the defendant's motion for sanctions arises was filed on April 4, 1990. Plaintiff alleged common law slander, professional slander, abuse of process, breach of confidentiality, and conspiracy by the defendants. Defendants filed demurrers to plaintiff's Motion for Judgment for failure to state a claim upon which relief could be granted. Defendants further contended that the Motion for Judgment could not be amended to adequately state a claim for relief.

The demurrers were taken under advisement by Judge Jack Stevens on May 11, 1990, and were sustained, without leave to amend, by opinion of the Court dated June 18, 1990. Defendants filed their Motion for Sanctions on or about June 28, 1990, and scheduled the Motion for hearing before Judge Stevens on July 13, 1990. Since Judge Stevens

was not available on the scheduled hearing date, the motion was not heard, but rather was continued to July 27, 1990.

The Order sustaining the demurrers was entered by the Court on July 27, 1990; however, on that day, plaintiff filed a praecipe requesting continuance of defendants' Motion for Sanctions and entering the appearance of George J. Viertel, Esq., as counsel for plaintiff. Plaintiff's request for continuance was granted, over the objection of the defendants, and the Motions for Sanctions were continued to September 20, 1990. On that date, counsel for plaintiff objected to the hearing on the ground that the Court lacked jurisdiction to hear the matter, contending that more than twenty-one days had elapsed from entry of the Order sustaining defendants' demurrers without leave to amend. The case is presently on appeal to the Virginia Supreme Court.

The issue raised in this case brings into tension two central principles of American jurisprudence, each of which are of long-standing duration. They are the principle of finality and the principle that abuse of the judicial system should not go unpunished.

Rule 1:1, and the cases decided under its dictates, clearly enunciates the limitation imposed on the parties when a matter has been brought to final closure in the court. After the expiration of twenty-one days, the trial court loses jurisdiction over a case in which a final order has been entered. *School Board v. Caudill Rowlett Scott, Inc.*, 237 Va. 550 (1989).

With respect to the second principle, sanctioning persons or parties who show disrespect for the court or its processes has historically been exercised through the criminal contempt powers of the court. *See Burdett v. Commonwealth*, 103 Va. 838 (1904). It is well-recognized that the power to punish for contempt is inherent in the nature and constitution of a court. *Nicholas v. Commonwealth*, 186 Va. 315 (1947). It is a power arising from necessity, implied because, in the absence of such power, the administration of law and justice would be thwarted. *Id*. Criminal contempt proceedings are viewed as arising between the public and the contemner, and not as a part of the original cause. *Carbon Fuel Co. v. U.M.W.*, 517 F.2d 1348 (4th Cir. 1975); *Baltimore & Ohio R.R. Co. v. Wheeling*, 54 Va. (13 Gratt.) 40 (1855). The independent

relationship between imposing sanctions for contempt and litigating the cause of action is further manifested by the fact that final orders entered in contempt proceedings are directly appealable to the Court of Appeals. Va. Code Ann. § 19.2-318 (1990).

Like the contempt power of the court, the provisions of § 8.01-271.1 are aimed at curbing abuses of the judicial system. In my opinion, the sanctions provided under Section 8.01-271.1 raise a collateral matter, unrelated to the cause of action to be litigated, and which may be considered after an action has been decided on the merits and is no longer pending. While the Virginia Supreme Court has not yet addressed this question, the United States Supreme Court recently held that a federal district court may sanction a plaintiff based on Rule 11, the parallel federal provision, after a plaintiff voluntarily dismisses his complaint. *Cooter & Gell v. Hartman Corp.*, 58 U.S.L.W. 4764, 110 S. Ct. 2447 (1990).

While the present case does not arise in the context of a voluntary dismissal, but rather after an adjudication on the merits, the reasoning of the *Cooter & Gell* case is not the less germane, the state and federal rules and their underlying policies being essentially the same. The violation of the rule is complete when the paper is filed, and where a violation occurs, the court is required to impose sanctions under § 8.01-271.1. In order to comply with the dictates of such a rule, a court, of necessity, must have the authority to consider whether there has been a violation of the signing requirement regardless of the dismissal of the underlying action and the termination of the principal suit. *See Cooter & Gell*, 58 U.S.L.W. at 4766, and the cases cited therein.

Section 8.01-271.1 does not contain any post-dismissal limitation. Indeed, its use of the word "sanction" and its provision for sanctions upon initiation by the court, strengthens the analogy to the contempt power of the court and the propriety of post-dismissal use. Unlike motions for sanctions predicated on discovery abuse which arise under and relate to the cause of action, *Murray v. Hadid*, 238 Va. 722, 733 (1989), § 8.01-271.1 sanctions are rooted in considerations which are collateral to the cause of action, namely, the conduct of counsel in filing pleadings and other papers in the court. Therefore, a final order

disposing of the cause of action should have no effect on the viability of § 8.01-271.1 claims. This view is more consistent with the language of § 8.01-271.1 and its purposes, which is to discourage the assertion of baseless claims and defenses.

For the above-stated reasons, I grant defendants' motion to proceed with a hearing pursuant to Va. Code Section 8.01-271.1.