COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


BRIAN M. McHUGH
                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0184-96-4        JUDGE WILLIAM H. HODGES
                                         APRIL 22, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     Paul F. Sheridan, Judge

          James E. Pinkowski (Charles E. Collins;
          Pinkowski and Flanders, on briefs), for
          appellant.

          Steven A. Witmer, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Brian M. McHugh (appellant) was convicted of assault and

battery.  He alleges on appeal that the trial court erred in

failing to properly instruct the jury on the element of the

intent necessary for a conviction for assault and battery, and

that the evidence was insufficient to sustain his conviction.

Because the trial court lacked jurisdiction to consider these

issues, which were raised only in appellant's post-trial motion

to set aside the verdict, we dismiss the appeal.

                               I.

     Appellant was tried by jury on November 28 and 29, 1995.

The jury found appellant guilty of assault and battery and

recommended a fine of $1,500.  The trial judge sentenced

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

appellant in accordance with the jury verdict.  The trial court entered the final judgment order on December 18, 1995.

Neither the trial order nor the final order, each entered on December 18, 1995, indicates that appellant made a motion to strike the evidence or a motion to set aside the verdict at his jury trial.  Appellant filed a written statement of facts in lieu of a transcript of the proceedings.  The written statement of facts does not recite that a motion to strike the evidence or motion to set aside the verdict was made at trial.

Appellant filed a written motion to set aside the verdict and supporting memorandum on January 3, 1996.  In that written motion, he raised the issues he currently seeks to raise on appeal, that is, whether the court erred in not instructing the jury on the element of intent, and whether the evidence was insufficient to sustain his conviction for assault and battery.

The motion to set aside the verdict was filed within twenty-one days of the final judgment order.  However, prior to the expiration of the twenty-one day period, the trial court did not vacate, modify, or suspend its judgment in order to retain jurisdiction.  In School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 379 S.E.2d 319 (1989), the Supreme Court of Virginia held:

> Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1

> . . . . The running of time under [Rule 1:1] may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order.

Id. at 556, 379 S.E.2d at 323 (citations omitted).  See In re Commonwealth Dep't of Corrections, 222 Va. 454, 464, 281 S.E.2d 857, 862-63 (1981) ("unless an order vacating or modifying a final judgment is entered before the expiration of 21 days, the final judgment is no longer under the control of the trial court").  Accordingly, in this case, the trial court, pursuant to Rule 1:1, was divested of jurisdiction after January 8, 1996. Argument on the motion to set aside the verdict was heard after that date, on February 2, 1996, and the trial court entered an order denying the motion on February 20, 1996.

The record recites that the only time the issues raised on appeal were presented to the trial court was in the post-trial motion to set aside the verdict.  Because the trial court lacked jurisdiction to consider appellant's motion to set aside the verdict after the twenty-one day period expired, its ruling on the motion was a nullity and review by this Court is barred on the issues flowing from its denial of the motion.  See Lewis v. Commonwealth, 18 Va. App. 5, 9, 441 S.E.2d 47, 49 (1994).

Accordingly, the appeal is dismissed.

                                                    Dismissed.