COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Kelsey and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


RENEE SMITH
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1169-06-1          JUDGE RUDOLPH BUMGARDNER, III
                                                         APRIL 3, 2007
ALEXANDER NOVAK


        FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                        Randall D. Smith, Judge

        W. Ware Morrison (Charles H. Staples; Benchmark Legal Services,
        LLC, on brief), for appellant.

        L. Steven Emmert (Kristi A. Wooten; LeRon W. Gilchrist, Guardian
        *ad litem* for the minor child; Sykes, Bourdon, Ahern & Levy, P.C.;
        Bowman, Green, Hampton & Kelly; Sams & Scott, on brief), for
        appellee.


        This is an appeal of a custody decree.  We hold that the appellant made no objection to

the final decree and did not present the issues she raises on appeal before being barred by Rule

1:1.  Accordingly, we affirm the trial court.

        Alexander Novak filed a custody petition in the juvenile and domestic relations district

court and was awarded custody of his stepdaughter.  The child's mother, Renee Smith, appealed

to the circuit court, which tried the case on December 1 and 2, 2005.  Unable to complete the

evidence in the time originally allotted, the trial court continued the trial to March 23, 2006.

Novak's attorney confirmed the date with Smith's attorneys by letter dated January 18, 2006.

        On January 25, 2006, after notice and hearing, two of Smith's co-counsel withdrew from

the case.  She appeared and endorsed the order permitting withdrawal.  On March 9, 2006,

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Smith's remaining attorney served her with notice that he was moving to withdraw as her counsel. The trial court granted the motion March 15, 2006.

Smith did not appear when the trial on the merits reconvened on March 23, 2006. The trial court took further evidence and ruled it was in the best interest of the child to award sole legal and physical custody to Novak. It directed his counsel to prepare an order to that effect, waived Smith's endorsement of the order pursuant to Rule 1:13, and entered it on April 4, 2006. That order contained no objections to the actions taken.

On March 30, 2006, Smith filed, *pro se*, a petition for an order to show cause and gave notice of a hearing on April 19, 2006. No action was taken on this motion though it was pending when new counsel appeared April 21, 2006 and filed a motion to vacate and rehear. The objections raised on this appeal were raised for the first time in the trial court in those motions and the memorandum filed in support of them.

Although Smith filed the motions within twenty-one days of entry of the final order, she gave notice for a hearing on April 26, 2006, which fell beyond twenty-one days. The trial court never entered an order vacating or suspending the April 4, 2006 order.[1] At the hearing on April 26, 2006, the trial court ruled that it no longer had jurisdiction because more than twenty-one days had passed since the entry of the final order. See Rule 1:1.

---

[1] Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . . The running of time under those rules may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order.

School Bd. of the City of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989).

The trial court *sua sponte* determined that Code § 8.01-428(C)[2] might provide relief from the ruling that it had lost jurisdiction to reconsider its custody decision on the merits. The trial court scheduled with counsel a hearing on May 24, 2006 to allow Smith an opportunity to show that an exception in Code § 8.01-428(C) applied. However, by letter dated May 11, 2006, Smith's counsel advised the trial court that she no longer wanted to participate in the May 24 hearing. In fact, she did not appear, in person or by counsel, on May 24, 2006, at which time the trial court entered an order again denying the motions to vacate and for rehearing.

Smith contends the trial court erred by: (1) failing to treat her as counsel of record and failing to give her notice when the final judgment would be entered; (2) waiving her endorsement of the final order; (3) entering the final order without disposing of her pending motion; (4) conducting an evidentiary hearing without notice to her; and (5) hearing evidence at an *ex parte* hearing resulting in a no contact provision in the final order. The essence of the questions she presents is the claim that she did not receive proper notice of the proceedings held after the first two days of the trial on December 1 and 2, 2005.

Novak's counsel sent a letter to Smith's counsel confirming that the trial would resume on March 23, 2006. "Service upon counsel of record during the midst of ongoing litigation is notice reasonably calculated to apprise interested parties of the course of the proceedings." Francis v. Francis, 30 Va. App. 584, 590, 518 S.E.2d 842, 846 (1999). Smith continued to be

---

[2] Code § 8.01-428(C) provides in part:

> If counsel, or a party not represented by counsel, who is not in default in a circuit court is not notified by any means of the entry of a final order and the circuit court is satisfied that such lack of notice (i) did not result from a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to pursue post-trial relief in the circuit court or to file an appeal therefrom, the circuit court may, within 60 days of the entry of such order, modify, vacate, or suspend the order or grant the party leave to appeal.

represented until her remaining attorney moved to withdraw. The motion and notice to withdraw were both served on her and mailed to her. She did not appear on March 15, 2006 when the trial court granted counsel leave to withdraw.

Notice of the date to which the trial was continued, March 23, 2006, was given when Smith was represented by counsel. Notice to her attorney served as notice to her. She received notice of each succeeding stage of the proceeding. Though she had notice, she did not appear. We cannot say the trial court abused its discretion by dispensing with her endorsement of the April 4, 2006 order, which contained rulings the court made at the completion of the hearing March 23, 2006. "Rule 1:13 specifically provides that compliance with the rule 'may be modified or dispensed with by the court in its discretion.'" Smith v. Commonwealth, 32 Va. App. 766, 773, 531 S.E.2d 11, 15 (2000).

Twenty-one days after entry of the final order, the trial court lost jurisdiction to consider Smith's motions to reconsider. Code § 8.01-428(C) provided a potential exception to the twenty-one-day bar, and the trial court provided Smith an opportunity to show that the exception applied. However, she elected not to proceed and, in fact, did not appear for the hearing. She did not show the exception to the bar of Rule 1:1 applied, and thus she never raised an issue in the trial court that we can review on appeal. Rule 5A:18. Accordingly, we affirm the trial court.

Affirmed.