Present: Judges Elder, Alston and Senior Judge Willis

SARAH CAITLIN ANDERSON

MEMORANDUM OPINION[*]

v.     Record No. 2187-12-4                                       PER CURIAM
                                                                 MAY 7, 2013

AARON ANDERSON

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

(Jonathan A. Nelson; Day & Johns, PLLC, on brief), for appellant.

No brief for appellee.

Sarah Caitlin Anderson, mother, appeals the trial court's decision awarding primary physical

custody of the parties' minor child to Aaron Anderson, father, and ordering that the child shall

attend school in Prince William County. On appeal, mother argues the trial court erred in

modifying the parties' custody agreement in violation of her due process rights where the only

matter before the trial court was mother's motion for a determination as to where the child would

attend school.[1] Upon reviewing the record and brief of mother, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

The parties were divorced by final decree entered on September 15, 2011. They had one

child during the marriage. On August 10, 2011, the trial court entered a custody order reflecting the

parties' agreement concerning custody and visitation arrangements for the child. The parties agreed

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On March 26, 2013 came mother, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on March 12, 2013, and grant a rehearing thereof. On consideration whereof, the petition for rehearing is granted, the opinion rendered on March 12, 2013 is withdrawn, and the mandate entered on that date is vacated.

to have joint legal custody and shared physical custody of the child, who was then of pre-school age. The parties each had physical custody of the child on alternate weeks. On every other Friday, the child was with one parent until noon. The custody order further provided that if the parties could not agree on where the child would attend school, then either party could submit the issue to the trial court to make such a determination.

On July 17, 2012, prior to the start of the child's kindergarten year, mother filed, *pro se*, a "Motion to Decide School Placement." At that time, mother resided in Fairfax County and father resided in Prince William County. The trial court held a hearing on the matter on August 21, 2012 and heard evidence from both parties. At the conclusion of the hearing, the trial court modified the parties' child custody arrangement and ordered that father would have primary physical custody of the child and that the child would attend school in Prince William County.

On August 30, 2012, mother, by counsel, filed a "Motion to Reconsider," requesting that the trial court reconsider its ruling of August 21, 2012. In this motion, mother asserted that in her "Motion to Decide School Placement," she had only requested the trial court to render a decision as to where the child would attend school. Mother contended that if she had known custody would be at issue at the August 21, 2012 hearing, she would have made significantly different preparations for the hearing. She averred she lacked notice that the trial court would consider custody at the August 21, 2012 hearing. Mother asked the trial court to enter an order addressing only the school placement or, in the alternative, stay its order as to the modification of custody and set a trial date for a full custody hearing.

By order entered on September 12, 2012, the trial court denied mother's "Motion to Reconsider," finding that "[g]iven the distance between whichever school was selected and each parent's domicile, the 50/50 custody arrangement already in place became no longer viable. This plainly was a change in circumstances from the existing custody arrangement." The trial court

concluded the decision on the child's school selection "perforce subsumed the decision on custody." In addition the trial court stated it considered all factors in its decision.

Mother argues the trial court violated her due process rights in changing the custody award without adequate notice to permit her to present evidence and prepare for a custody hearing.

When a court modifies a prior custody order, a parent's "right of due process entitle[s] h[er] to notice and an opportunity to be heard on this issue." Parish v. Spaulding, 257 Va. 357, 362, 513 S.E.2d 391, 393 (1999).

> We recognize that questions of child custody, whether in a divorce proceeding or a civil action by the Commonwealth, involve a fundamental liberty interest of the parent. Accordingly, the parent must be accorded the benefits of due process. Rader v. Montgomery Co. Dep't of Social Servs., 5 Va. App. 523, 528, 365 S.E.2d 234, 237 (1988). Nonetheless, "in any child custody decision, the lodestar for the court is the best interest of the child," Smith v. Pond, 5 Va. App. 161, 163, 360 S.E.2d 885, 886 (1987), and the due process rights of the parents must be tempered by this guiding principle.

Haase v. Haase, 20 Va. App. 671, 681, 460 S.E.2d 585, 589-90 (1995).

"A trial court's decision, when based upon an *ore tenus* hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 882 (2003).

At the hearing, mother presented her evidence and argument as to why the child should attend school in Fairfax County, where mother had recently relocated. Father resides in Prince William County. Father's counsel noted that, although mother had filed a motion to determine the school the child would attend, given the parties' current custody arrangement, this decision necessarily encompassed a determination of which parent would have primary physical custody of the child. The trial court asked mother if she wanted primary physical custody of the child and mother responded that she did. Father's counsel also indicated that father wanted primary custody of the child. After mother was cross-examined by father's counsel, the trial court gave mother the

opportunity to present "anything else [she] wish[ed] to tell" the court and mother spoke to several matters.

Father then presented evidence, and mother cross-examined father. Again, the trial court asked mother if she had anything else she would like to present and mother addressed several items. The trial court rendered its decision, noting that both parents were good parents, the decision was based on the best interests of the child, and the fifty-fifty custody arrangement was no longer feasible given that the parties resided in two different counties. The trial court further ruled that the decision was without prejudice to mother to return to the fifty-fifty custody arrangement if she relocates to Prince William County.

Under these circumstances, we cannot find mother's due process rights were violated. The trial court retained jurisdiction to modify the parties' custody arrangement when it deemed a modifiction to be in the best interests of the child pursuant to Code § 20-108. Although mother asked the trial court in her written motion to determine the school the child would attend, that decision necessarily encompassed a change in custody given that the parties had a fifty-fifty custody arrangement and the parties resided in different counties. Furthermore, mother asked for primary physical custody during the hearing and mother had the opportunity to be heard and to present evidence on the issue. We conclude that the trial court did not err in fashioning "an appropriate remedy that comported with the best interest of the [child], even if not specifically requested by the mother . . . ." Cloutier v. Queen, 35 Va. App. 413, 424, 545 S.E.2d 574, 579 (2001).

Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

Affirmed.

Present:   Judges Elder, Alston and Senior Judge Willis

SARAH CAITLIN ANDERSON

MEMORANDUM OPINION[*]

v.      Record No. 2187-12-4                                      PER CURIAM
                                                                 MARCH 12, 2013

AARON ANDERSON


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

(Jonathan A. Nelson; Day & Johns, PLLC, on brief), for appellant.

No brief for appellee.


Sarah Caitlin Anderson, mother, appeals the trial court's decision awarding primary physical

custody of the parties' minor child to Aaron Anderson, father, and ordering that the child shall

attend school in Prince William County.  On appeal, mother argues the trial court erred in

modifying the parties' custody agreement in violation of her due process rights where the only

matter before the trial court was mother's motion for a determination as to where the child would

attend school.  Upon reviewing the record and brief of mother, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

The parties were divorced by final decree entered on September 15, 2011.  They had one

child during the marriage.  On August 10, 2011, the trial court entered a custody order reflecting the

parties' agreement concerning custody and visitation arrangements for the child.  The parties agreed

to have joint legal custody and shared physical custody of the child, who was then of pre-school

age.  The parties each had physical custody of the child on alternate weeks.  The custody order

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

further provided that if the parties could not agree on where the child would attend school, then either party could submit the issue to the trial court to make such a determination.

On July 17, 2012, prior to the start of the child's kindergarten year, mother filed, *pro se*, a "Motion to Decide School Placement." At that time, mother resided in Fairfax County and father resided in Prince William County. The trial court held a hearing on the matter on August 21, 2012 and heard evidence from both parties. At the conclusion of the hearing, the trial court modified the parties' child custody arrangement and ordered that father would have primary physical custody of the child and that the child would attend school in Prince William County.

On August 30, 2012, mother, by counsel, filed a "Motion to Reconsider," requesting that the trial court reconsider its ruling of August 21, 2012. In this motion, mother asserted that in her "Motion to Decide School Placement," she had only requested the trial court to render a decision as to where the child would attend school. Mother contended that if she had known custody would be at issue at the August 21, 2012 hearing, she would have made significantly different preparations for the hearing. She averred she lacked notice that the trial court would consider custody at the August 21, 2012 hearing. Mother asked the trial court to enter an order addressing only the school placement or, in the alternative, stay its order as to the modification of custody and set a trial date for a full custody hearing.

Under Rule 1:1, a trial court is divested of jurisdiction over a matter twenty-one days after the entry of a final order unless within the twenty-one-day period it enters an order modifying, suspending or vacating the final order. Rule 1:1. Mother's "Motion to Reconsider" was filed within twenty-one days of the entry of the August 21, 2012 final judgment order. However, prior to the expiration of the twenty-one-day period, the trial court did not vacate, modify or suspend its judgment in order to retain jurisdiction. In School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 379 S.E.2d 319 (1989), the Supreme Court of Virginia held:

Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . . The running of time under [Rule 1:1] may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order.

Id. at 556, 379 S.E.2d at 323. See In re Commonwealth Dep't of Corrections, 222 Va. 454, 464, 281 S.E.2d 857, 862-63 (1981) ("[U]nless an order vacating or modifying a final judgment is entered before the expiration of 21 days, the final judgment is no longer under the control of the trial court.").

Accordingly, in this case, the trial court, pursuant to Rule 1:1, was divested of jurisdiction after September 11, 2012. However, on September 12, 2012, twenty-two days after entry of the August 21, 2012 order, the trial court entered an order denying mother's "Motion to Reconsider." Once the twenty-one-day period of Rule 1:1 has expired without an intervening order tolling the running of the time period, every action taken by a court thereafter to alter or vacate the final order is a nullity unless one of the limited exceptions to the preclusive effect of Rule 1:1 applies. Vokes v. Vokes, 28 Va. App. 349, 357-58, 504 S.E.2d 865, 869 (1998). No exception to Rule 1:1 is applicable here. Therefore, the trial court lacked jurisdiction to enter the September 12, 2012 order.

We note that mother's notice of appeal states she is appealing both the September 12, 2012 order denying her "Motion to Reconsider" and the August 21, 2012 final order in the case. As addressed above, mother failed to obtain a timely ruling from the trial court concerning her "Motion to Reconsider." The record reflects that the only time the issue raised on appeal was presented to the trial court was in the "Motion to Reconsider."[1] Because the trial court lacked jurisdiction to consider that motion after the twenty-one-day period expired, its ruling on the motion was a nullity

---

[1] Mother did not present to the trial court the argument she raises on appeal at either the August 21, 2012 hearing or on the August 21, 2012 final order which she signed. See Rule 5A:18.

- 3 -

and review by this Court is barred on the issue flowing from its denial of the motion.  See Lewis v. Commonwealth, 18 Va. App. 5, 9, 441 S.E.2d 47, 49 (1994).

For these reasons, we summarily affirm the decision of the trial court.  Rule 5A:27.

Affirmed.