COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, McCullough and Senior Judge Bumgardner

MITRA R. MORTAZIE

                                              MEMORANDUM OPINION[*]
v.       Record No. 0017-13-4                             PER CURIAM
                                                      JUNE 4, 2013

MANSOUR MORTAZIE

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jan L. Brodie, Judge

      (Colleen C. Sweeney; William B. Reichhardt & Associates, on
      briefs), for appellant.

      (Stephen G. Cochran; Roeder, Cochran & Haight, PLLC, on brief),
      for appellee.


Mitra R. Mortazie (wife) appeals an order finding her in contempt.  Wife argues that the trial

court erred by (1) holding her in contempt "for failing to notify [Mansour Mortazie (husband)] of

her remarriage and returning spousal support payments to him because the Final Decree of Divorce

did not impose that duty on her in definite express terms," and (2) denying her "request for a short

continuance to allow her to seek legal counsel because her liberty interest was at stake and the

denial of the continuance seriously imperiled the just determination of the case."  Upon reviewing

the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On December 19, 2007, husband and wife divorced. Husband was ordered to pay wife $4,000 per month in spousal support.

On May 7, 2011, wife remarried, but did not inform husband. He continued to pay wife $4,000 per month for spousal support until he learned of her remarriage fifteen months later. Wife would not reimburse husband for the spousal support overpayments.

Husband filed a petition for rule to show cause, and the trial court entered a rule to show cause on November 15, 2012. Wife was served with the rule and petition on November 20, 2012. She was ordered to appear in court on November 30, 2012.

Wife appeared *pro se* at the hearing on November 30, 2012 and asked for a continuance so that she could consult with an attorney. She stated that she tried to obtain counsel, but had been unable to do so as she was served one business day prior to Thanksgiving. The trial court denied the continuance and took evidence in the case.

Husband testified that he had paid wife $4,000 per month in spousal support since May 2011 and was unaware that she had remarried. Wife admitted that she remarried on May 7, 2011 and received the spousal support payments. She assumed husband knew of her remarriage and had nonetheless continued to pay her spousal support as a gift since some of the parties' adult children lived with her. Husband argued that by operation of law wife's entitlement to spousal support terminated upon her remarriage, and she was in contempt of court. The trial court found that wife had not provided notice of her remarriage in accordance with Code § 20-109(D)[1] and

---

[1] Code § 20-109(D) states:

> Unless otherwise provided by stipulation or contract, spousal support and maintenance shall terminate upon the death of either party or remarriage of the spouse receiving support. The spouse entitled to support shall have an affirmative duty to notify the payor spouse immediately of remarriage at the last known address of the payor spouse.

found her in contempt for her violation of the final decree. The trial court ordered wife to pay husband $63,007, which represented fifteen payments of $4,000 plus an overpayment for May 2011. The trial court awarded husband $2,729.20 for his attorney's fees and costs. Said sums were due by January 1, 2013. The trial court entered an order memorializing its rulings on November 30, 2012 and waived endorsements pursuant to Rule 1:13.

After the court's ruling, wife retained counsel. On December 19, 2012, wife, by counsel, filed a motion for reconsideration. She asked the trial court to suspend the November 30, 2012 order. Pursuant to Rule 1:1, the November 30, 2012 order became final on December 21, 2012. The trial court did not rule upon wife's motion to reconsider, or her request to suspend the order, within twenty-one days of the November 30, 2012 order, so we will not consider wife's arguments in the motion to reconsider.[2]

## ANALYSIS

### *Finding of contempt*

Wife argues that the trial court erred in finding her in contempt of court because the final decree of divorce did not contain an express duty for wife to notify husband of her remarriage. Wife also asserts that the rule to show cause, which ordered her to appear on November 30, 2012, failed to allege that she violated a court order because it said she was "to show cause, if any you can, why you should not be held in contempt of court for your failure to notify [husband] of your remarriage and for your refusal to return to [husband] spousal support paid to you after your marriage." She admits that the petition for rule to show cause referred to the final

---

[2] The record includes a consent order entered January 24, 2013, which granted wife's motion to suspend execution of the November 30, 2012 order. The trial court, however, no longer had jurisdiction to suspend the November 30, 2012 order because more than twenty-one days had passed since the entry of the order. See Rule 1:1.

decree and stated that she violated the final decree because she did not disclose her remarriage. Furthermore, she contends the trial court's reliance on Code § 20-109 was "misplaced."

In her opening brief, wife claims she preserved her arguments on appeal in her motion to reconsider.[3] Although wife timely filed her motion to reconsider, the trial court did not rule on the motion within twenty-one days of the November 30, 2012 order, nor did it suspend, modify, or vacate the November 30, 2012 order. See Rule 1:1 (all orders become final after twenty-one days).

The Supreme Court of Virginia has previously held:

> Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . . The running of time under [Rule 1:1] may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order.

School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989) (internal citations omitted).

Therefore, wife's arguments in her motion to reconsider did not preserve her issues on appeal. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.").

*Continuance request*

Wife argues that the trial court abused its discretion in denying her continuance request to retain legal counsel because it resulted in a "prejudice that seriously imperiled the just determination of the case." She contends her liberty was at stake and she had a right to counsel.

_____

[3] Wife also cites the written statement of facts to show where she preserved her arguments; however, the statement of facts does not contain any of the arguments wife raises on appeal.

- 4 -

A transcript of the November 30, 2012 hearing was not provided; however, the record includes a written statement of facts. The written statement of facts indicates that wife "requested that the hearing be continued until she could consult with an attorney." It further states that the trial court denied the continuance.

The written statement of facts does not reflect the arguments that wife is now making on appeal. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

*Attorney's fees and costs*

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.