# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Lester Potts

v.

Todd Viorla *et al.*

May 27, 2015

Case No. (Civil) CL14-1885

BY JUDGE RANDALL D. SMITH

The Court is in receipt of a Motion to Substitute Counsel of Record and a Petition to Rehear, both filed by Lindsay E. Trasko, Esquire, and Anna D. Dunkum, Esquire, on May 6, 2015. Upon review of the record, the Court entered a final order dismissing this matter on April 15, 2015; thus, more than twenty-one days have elapsed since entry of the final order in this matter. Therefore, pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia, this Court no longer has jurisdiction to consider the above-referenced filings. *Super Fresh Food Mkts. of Va. v. Ruffin*, 263 Va. 555, 563–64, 561 S.E.2d 734, 739 (2002) ("[W]e take this opportunity to emphasize that the provisions of Rule 1:1 are mandatory in order to assure the certainty and stability that the finality of judgments brings. Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case. Thus, only an order within the twenty-one day time period that clearly and expressly modifies, vacates, or suspends the final judgment will interrupt or extend the running of that time period so as to permit the trial court to retain jurisdiction in the case."); *School Bd. v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 379 S.E.2d 319 (1989) ("Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 or the 30-day period prescribed by Rule 5:9. The running of time under those rules may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order." (internal citations omitted)).