PRESENT: All the Justices

MATTHEW FITZGERALD HACKETT

OPINION BY
v. Record No. 160619                           CHIEF JUSTICE DONALD W. LEMONS
JUNE 1, 2017
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals of Virginia erred when it affirmed the defendant's conviction and sentence, and affirmed the trial court's refusal to set aside the conviction and sentencing orders after concluding that it had lost jurisdiction to modify the orders pursuant to Rule 1:1.

I.  Facts and Proceedings

Matthew Fitzgerald Hackett ("Hackett") was indicted in the Circuit Court of Franklin County ("trial court") on a charge of possession with intent to distribute more than one-half ounce but less than five pounds of marijuana, in violation of Code § 18.2-248.1.  On January 20, 2009, Hackett pled guilty to this charge.  As part of his guilty plea, he completed a written form in which he affirmed that he was voluntarily pleading guilty to the charge because he was guilty of the charge.  As part of that form, Hackett also affirmed that no one, including the Commonwealth's Attorney, had made any promises to him concerning his plea of guilty.  The form was signed by Hackett and his attorney.

There is no transcript of the January 20, 2009 proceedings.  According to the statement of facts in lieu of a transcript, although there was no written plea agreement, both the Commonwealth and the defense agreed that the appropriate disposition was to "take the case under advisement for an extended period of time, under any terms and conditions imposed by the

court," and if the defendant successfully completed all terms and conditions, the felony charge would be reduced to a misdemeanor. The statement of facts does not reflect whether the trial court was made aware of this understanding between the Commonwealth's Attorney and defense counsel prior to accepting Hackett's guilty plea and entering a conviction order. On January 20, 2009, the trial court entered a conviction order, finding Hackett guilty of the charged felony offense.

The sentencing hearing was held on April 24, 2009. The sentencing guidelines recommended probation. According to the statement of facts, at this hearing Hackett asked the trial court to take his case under advisement and to reduce the felony to a misdemeanor if he successfully completed the terms and conditions imposed by the court. The trial judge gave Hackett the choice to "walk out of the courtroom with a felony conviction" or "go the extra mile" and submit to the court's requirements. Hackett chose the latter option and was remanded to jail at the conclusion of the hearing. On April 28, 2009, the trial court entered a sentencing order in which it sentenced Hackett to three years' imprisonment, with two years and three months suspended for a period of five years, and two years of supervised probation upon release from incarceration.

No orders were entered suspending the conviction or sentencing order at any time. On September 1, 2009, several months after both the conviction order and the sentencing order were entered, Hackett's attorney sent a letter to the trial judge, asking the court to reconsider the felony conviction. A hearing was held on December 20, 2009, during which the trial court ruled from the bench that it would take the motion under advisement for a period of twelve months on the condition that Hackett be of good behavior and complete intensive supervised probation. The trial judge stated that if Hackett complied with the court's conditions, that he would be

"home-free from the felony." On December 23, 2009, the trial court entered an order placing Hackett on intensive supervised probation for twelve months.

The parties returned to court a year later on Hackett's motion to amend his conviction to a misdemeanor. The trial court took the motion under advisement for an additional twelve months, but the court released Hackett from probation. It appears nothing additional happened in this matter until August 5, 2013, when Hackett filed a "motion to modify sentence." A hearing was held on August 20, 2013, during which Hackett again moved to amend his conviction to a misdemeanor. The trial court entered an order on September 9, 2013, taking the motion under advisement "to allow investigation of recent changes in the law regarding the matter." Another hearing was held on October 8, 2013, after which the trial court entered an order wherein it continued to take the matter under advisement "until after the Supreme Court has made a decision on the appeal of the law regarding this matter."[1]

On December 17, 2014, another hearing was held where the trial court heard additional argument from the parties. On December 30, 2014, the trial court entered an order denying and dismissing Hackett's motion to reduce the felony to a misdemeanor. In the order, the trial judge explained that, following the December 9, 2009 hearing, he had intended to reduce Hackett's felony to a misdemeanor if Hackett complied with the terms set by the court, but that the court had been under the "mistaken impression that it had the discretion to reduce the charge as requested." However, the trial judge held that, in accordance with this Court's decisions in *Moreau v. Fuller*, 276 Va. 127, 661 S.E.2d 841 (2008), *Hernandez v. Commonwealth*, 281 Va. 222, 707 S.E.2d 273 (2011), and *Starrs v. Commonwealth*, "even though the court intended to

---

[1] It appears that the trial court was referencing the case of *Starrs v. Commonwealth*, 287 Va. 1, 752 S.E.2d 812 (2014), which appeal was pending before this Court at that time.

grant defendant's request and reduce the felony to a misdemeanor, it is clear from the authorities cited, this court does not have the discretion to make any disposition other than impose the punishment prescribed by the legislature after entering a written order finding defendant guilty and a written order setting his punishment."

Hackett appealed this December 30, 2014 order to the Court of Appeals of Virginia. The Court of Appeals, in a per curiam order, denied the appeal. *Hackett v. Commonwealth*, Record No. 0084-15-3, slip op. at 1 (Sept. 14, 2015) (unpublished). The Court of Appeals held that although the Commonwealth and Hackett agreed that the appropriate disposition was to take the case under advisement and then eventually reduce the felony conviction to a misdemeanor, under Rule 1:1, the trial court lacked jurisdiction to do so after 21 days passed from the entry of the April 28, 2009 sentencing order. *Id*. at 3-4. The Court of Appeals also ruled that a court may not enter a nunc pro tunc order extending its jurisdiction in contravention of Rule 1:1. *Id*. at 4. Further, the Court of Appeals held that the sentencing order was not void ab initio, concluding that the failure to include a provision in the order regarding taking the matter under advisement did not render the order void ab initio where the court had jurisdiction over the criminal matter, over the defendant, and had the power to enter the sentence it entered. *Id*. at 5. A three-judge panel subsequently affirmed the per curiam order. *Hackett v. Commonwealth,* Record No. 0084-15-3, slip op. at 1 (Dec. 15, 2015) (unpublished).

Hackett appealed to this Court, and his petition for appeal was supported by the Commonwealth's Attorney, who also assigned cross-error to the Court of Appeals' order. We granted Hackett's appeal on the following assignments of error:

1. The Court of Appeals erred when it failed to find that the trial court erroneously entered a conviction order that that failed to take the case under advisement for a potential reduction of the felony offense to a misdemeanor and to subsequently modify the conviction order.

4

2. The Court of Appeals erred when it failed to find that the trial court committed reversible error when it entered an order of conviction and final sentencing order and continued the case and ordered Hackett to continue under quasi-probation status with the promise of a particular disposition at a later date, in violation of Hackett's constitutionally protected due process rights.

3. The Court of Appeals erred when it failed to find that the trial court erred when it denied Hackett's motion for modification of sentence and correct the order to reflect the court's intended disposition in the matter, nunc pro tunc.

4. The Court of Appeals erred when it found that the trial court's conviction and sentencing orders are not void ab initio.

We granted the Commonwealth's assignments of cross-error[2]:

1. The trial court and the Court of Appeals of Virginia erred in concluding that the trial court was precluded by language in this Court's holdings in *Starrs v. Commonwealth*, *Hernandez v. Commonwealth*, and *Moreau v. Fuller* from reducing the felony conviction to a misdemeanor conviction where the trial court ordered the conditions of the continued case without rendering a final judgment that determined the rights of the parties.

2. The Court of Appeals of Virginia erred in concluding that Rule 1:1 precluded the trial court from rendering its final determination of the rights of the defendant and the Commonwealth in the matters properly before it in the continued case.

---

[2] After this appeal was granted, the Attorney General assumed representation of the Commonwealth, reversed the position of the Commonwealth's Attorney, and abandoned the assignments of cross-error. "It is apparent that the Commonwealth has assumed inconsistent positions. The Commonwealth's Attorney, the only official legal representative of the Commonwealth in the trial court, acquiesced in the procedure that the Attorney General now attacks. Nevertheless, the Commonwealth may not be estopped from repudiating the earlier position erroneously taken by the Commonwealth's Attorney, nor may the Department be estopped from changing its position." *In re Commonwealth of Va. Dep't of Corr.*, 222 Va. 454, 465, 281 S.E.2d 857, 863 (1981). The Commonwealth's Attorney asked for leave of court to file a brief in support of its assignments of cross-error. We denied the motion, but invited the Commonwealth's Attorney to file an amicus brief, which he did.

II. Analysis

The issues presented in this appeal regarding whether the trial court had the authority to modify its conviction and sentencing orders involve questions of law, which we review de novo. *Hernandez*, 281 Va. at 224, 707 S.E.2d at 274.

Rule 1:1 provides in relevant part that, "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." We have explained that "a final judgment is one which disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment." *Super Fresh Food Mkts. of Va., Inc., v. Ruffin*, 263 Va. 555, 560, 561 S.E.2d 734, 737 (2002). Furthermore, "[t]he running of the twenty-one-day time period prescribed by Rule 1:1 may be interrupted only by the entry, within the twenty-one-day period, of an order modifying, vacating, or suspending the final judgment order." *Id.* The record in this case demonstrates that the conviction order in this case was entered on January 9, 2009, and the sentencing order was entered on April 28, 2009. Neither of these orders was modified, vacated or suspended within twenty-one days of their entry. Accordingly, they became final and the trial court lost jurisdiction to modify the conviction[3] in this case.

We recognize that the record demonstrates an oral understanding between the trial court, the defendant, and the Commonwealth's Attorney that the trial court would modify the conviction upon completion of certain conditions. This understanding, however, was never

---

[3] Under Code § 19.2-303, trial courts retain the authority to modify or suspend any unserved portion of a sentence up until a defendant sentenced for a felony is transferred to the custody of the Department of Corrections. However, this statute is not implicated in this case because Hackett has only attempted to modify his conviction, not his sentence.

6

reduced to a written plea agreement, and the conviction order was never modified, vacated or suspended within twenty-one days of its entry. By the time of the December 21, 2009 hearing, where defense counsel asked the trial court to modify the conviction and the trial court placed Hackett on probation, the trial court had lost jurisdiction to modify the conviction in this case and simply did not have the power to do what the parties asked it to do.

Hackett and amicus argue that the trial court erred by failing to resolve this case by utilizing a nunc pro tunc order. We have explained that

> The purpose of a nunc pro tunc order entry is to correct mistakes of the clerk or other court officials, or to settle defects or omissions in the record so as to make the record show what actually took place. It is not the function of such entry by a fiction to antedate the actual performance of an act which never occurred, to represent an event as occurring at a date prior to the time of the actual event, or to make the record show that which never existed.

*Council v. Commonwealth*, 198 Va. 288, 293, 94 S.E.2d 245, 248 (1956) (citation and internal quotation marks omitted). When presented with the argument that he resolve this case by entering a nunc pro tunc order under the theory that there was a scrivener's error in the conviction and sentencing orders, the trial judge stated on the record that "it's not a scrivener's error. I mean this is exactly what was agreed to be done and what was supposed to be done and what I did. There is no scrivener's error in that." The trial judge's own words demonstrate that no scrivener's error occurred in the preparation of the conviction and sentencing orders. The orders reflected the actions that the trial court intended to take when those orders were entered.

Hackett's final argument is that the conviction and sentencing orders were void ab initio. We have held that

> An order is void ab initio if entered by a court in the absence of jurisdiction of the subject matter or the parties, if the character of the order is such that the court had no power to render it, or if the

7

> mode of procedure used by the court was one that the court could not lawfully adopt.

*Singh v. Mooney*, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) (citations and internal quotation marks omitted). However, in the present case there is no dispute that the trial court had jurisdiction over the subject matter – a criminal case – and the parties. The trial court had the power to convict the defendant of the felony, to which Hackett had pled guilty, and to sentence him on that felony. There is no evidence of any defect in the procedure used by the trial court to convict the defendant and sentence him. Rather, the procedure the parties wanted the trial court to follow, to reduce Hackett's conviction after it became final, would have been a procedure the court could not lawfully adopt.

In *Burrell v. Commonwealth*, 283 Va. 474, 480, 722 S.E.2d 272, 275 (2012), we held that a provision in a sentencing order which stated that the court would reduce the conviction from a felony to a misdemeanor following the defendant's incarceration and probation was an ultra vires provision that rendered the sentencing order void ab initio. That provision was ultra vires because the circuit court did not have the power to render a judgment reducing Burrell's conviction from a felony to a misdemeanor more than five years after its entry of the sentencing order. *Id.* Our decision in *Burrell* makes clear that the conviction and sentencing orders in this matter were not void ab initio, but they very well might have been had the trial court employed the procedure requested by counsel.

This Court is aware that Hackett complied with all the terms and conditions set by the trial court, with the understanding that by doing so his felony conviction would be reduced to a misdemeanor. However, once the trial court's conviction and sentencing orders became final, the trial court lost its authority to modify the conviction. The Court of Appeals did not err in

affirming the trial court's ruling that it lacked the authority to amend the conviction after more than 21 days had passed since entry of the conviction and sentencing orders.

## III. Conclusion

For the reasons stated, we will affirm the judgment of the Court of Appeals.

*Affirmed.*