COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Newport News, Virginia

JUSTIN SETH RILEY

MEMORANDUM OPINION* BY
v.      Record No. 0405-17-1          JUDGE ROBERT P. FRANK
DECEMBER 27, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Leslie L. Lilley, Judge

William H. O'Brien (Doummar & O'Brien, on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Justin Seth Riley, appellant, was convicted, in a bench trial, of driving under the

influence, in violation of Code § 18.2-266. On appeal, appellant challenges the trial court's

denial of his motion to suppress the evidence derived from his traffic stop. For the reasons

stated, we dismiss the appeal.

PROCEDURAL BACKGROUND

Initially, appellant filed a motion to suppress the evidence derived from the traffic stop.

The court denied that motion. Thereafter, appellant entered a plea of guilty to the charge. The

court found appellant guilty and sentenced him by order entered November 3, 2016. On

November 16, 2016, appellant filed a motion to reopen, contending the Commonwealth agreed to

allow him to file a conditional plea of guilty to preserve his right to appeal the suppression issue.

On November 17, 2016, the court, with the Commonwealth's concurrence, ordered the case be

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reopened and placed back on the docket on December 8, 2016. On December 20, 2016, the court allowed appellant's original guilty plea to be amended to a conditional plea and ordered the original sentence re-imposed. The execution of the sentence was ordered stayed during the pendency of the appeal. Appellant's notice of appeal was filed January 19, 2017 in the trial court.

ANALYSIS

Before we address the merits of appellant's motion to suppress, we must first resolve the Commonwealth's contention that the trial court had no authority to grant appellant's motion to amend his earlier guilty plea to a conditional plea of guilty, in that the motion had to be acted on within twenty-one days after the entry of the final judgment order.[1] See Rule 1:1; Hackett v. Commonwealth, 293 Va. 392, 399, 799 S.E.2d 501, 505 (2017) (holding that Rule 1:1 limits a trial court's authority to alter a final order, absent some other statute or rule, to twenty-one days following the date of entry of the order). Furthermore, "[t]he running of the twenty-one-day time period prescribed by Rule 1:1 may be interrupted *only* by the entry, within the twenty-one-day period, of an order modifying, vacating, or suspending the final judgment order." Hackett, 293 Va. at 399, 799 S.E.2d at 505 (emphasis added) (quoting Super Fresh Food Mkts. of Va., Inc. v. Ruffin, 263 Va. 555, 560, 561 S.E.2d 734, 737 (2002)).

Our review of whether the trial court retained jurisdiction over the case to allow it to consider appellant's motion to amend his guilty plea involves the interpretation of the Rules of the Supreme Court of Virginia. Thus, it poses a question of law that we review *de novo*. See LaCava v. Commonwealth, 283 Va. 465, 470-71, 722 S.E.2d 838, 840 (2012). "[W]e have jurisdiction to consider this appeal only if the trial court had jurisdiction to entertain the

---

[1] The twenty-one-day time period expired on November 28, 2016. The twenty-first day was November 24, 2016, which was a legal holiday, and the next day the court was open was Monday, November 28, 2016.

underlying motion." Minor v. Commonwealth, 66 Va. App. 728, 738, 791 S.E.2d 757, 762 (2016) (dismissing appeal because trial court no longer had jurisdiction over the case when it considered defendant's motion to withdraw his guilty pleas). We find here that the trial court did not have such jurisdiction.

The very narrow issue before us is whether the final sentencing order, entered November 3, 2016, or any other order entered within twenty-one days therefrom, "clearly and expressly modified, vacated or suspended the final judgment." Super Fresh, 263 Va. at 563, 561 S.E.2d at 739. We must consider whether the language of the order of November 17, 2016, which "ADJUDGED, ORDERED and DECREED that the case be reopened and placed back on the docket on December 8, 2016," complied with the requirements of Rule1:1. Stated differently, the question is whether the trial court still had control over the final judgment of November 3, 2016 when it modified that order on December 20, 2016, amending appellant's plea.

Rule 1:1 addresses the finality of judgments and provides the following, in pertinent part:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. . . . The date of entry of any final judgment, order, or decree shall be the date the judgment, order, or decree is signed by the judge.

"[U]nless an order vacating or modifying a final judgment is entered before the expiration of 21 days, the final judgment is no longer under the control of the trial court." In Re: Dept. of Corrections, 222 Va. 454, 464, 281 S.E.2d 857, 862-63 (1981); Lyle and Allen v. Ekleberry, 209 Va. 349, 350-51, 164 S.E.2d 586, 587 (1968). "Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . ." Davis v. Mullins, 251 Va. 141, 148-49, 466

S.E.2d 90, 94 (1996) (quoting School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989)).

"[Rule 1:1] requires that the trial court enter an order that expressly modifies, vacates, or suspends the judgment." Super Fresh, 263 Va. at 563, 561 S.E.2d at 734. Absent an express order, "the case will no longer be under the control of the trial court when the original twenty-one-day time period has run." Id.; see Godfrey v. Williams, 217 Va. 845, 845-46, 234 S.E.2d 301, 301-02 (1977). Any action taken after the time expires "is a nullity." Minor, 66 Va. App. at 739-40, 791 S.E.2d at 762.

"Black's Law Dictionary defines 'express' as 'clear,' 'definite,' 'plain,' 'explicit,' 'direct,' 'unmistakable.'" Hardesty v. Hardesty, 40 Va. App. 663, 674, 581 S.E.2d 213, 219 (2003) (quoting Black's Law Dictionary 580 (6th ed. 1990)). See Richmond v. Sutherland, 114 Va. 688, 697, 77 S.E. 470, 473 (1913) ("Bouvier's Law Dictionary gives the definition of 'express' as 'stated or declared as opposed to implied; that which is made known and not left to implication.'").

None of the trial court's orders in this case *clearly* suspended or vacated the final judgment order of November 3, 2016. Whatever the trial court intended to do is not relevant because a court speaks only through its written orders. In The Berean Law Group, P.C. v. Cox, 259 Va. 622, 528 S.E.2d 108 (2000), the trial judge had agreed orally during a telephone conference to extend the time in which the plaintiff could file an amended motion for judgment beyond the date specified in the written order. The plaintiff, however, failed to submit a timely written order suspending, modifying or vacating the order sustaining the demurrers. The Supreme Court of Virginia held that the trial court no longer had control of the final order when it entered the written order granting plaintiff's motion for nonsuit. Id. at 627-28, 528 S.E.2d at 111-12. See Wagner v. Shird, 257 Va. 584, 588, 514 S.E.2d 613, 615 (1999) (holding that any

oral understanding between counsel and the trial court extending time for counsel to file supplemental pleading was not relevant, as "a court speaks only through its written orders" as of the day of entry); Davis, 251 Va. at 149, 466 S.E.2d at 94 (holding that an order entered in 1982 in a property dispute remained in effect, despite the entry of subsequent orders, because the record contained no order suspending or vacating the 1982 order within twenty-one days of its entry, and after that date, Rule l:1 divested the trial court of its jurisdiction "and every action of the court thereafter to alter or vacate [the 1982] order, including the entry of the 1983 order, was a nullity").

Once a sentence is imposed, it may be modified only as permitted by law. Rule 1:1 permits modification, but the strictures of Rule 1:1 are applied "rigorously," subject to only a few exceptions, none of which are pertinent to appellant's case. Commonwealth v. Morris, 281 Va. 70, 77, 705 S.E.2d 503, 506 (2011) (quoting McEwen Lumber Co. v. Lipscomb Bros. Lumber Co., 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987)). Thus, the trial court was without authority to "enter[] a second sentencing order altering an original sentencing order that has become final." Id. (quoting Charles v. Commonwealth, 270 Va. 14, 19, 613 S.E.2d 432, 434 (2005)). Accordingly, we conclude that the trial court did not have jurisdiction to amend appellant's initial plea of guilty to a conditional plea on December 20, 2016. See Minor, 66 Va. App. at 742, 791 S.E.2d at 763-64.

Appellant's original plea is operative and precludes him from appealing his suppression claim. See Smith v. Commonwealth, 59 Va. App. 710, 725, 722 S.E.2d 310, 317 (2012) ("Where a conviction is rendered upon a voluntary and intelligent guilty plea and a punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal."). Nothing in this record suggests that appellant's guilty plea was not made voluntarily

and intelligently.[2]  See Bousley v. United States, 523 U.S. 614, 618 (1998) (stating defendant's "plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'" (quoting Brady v. United States, 397 U.S. 742, 748 (1970))).  Thus, appellant waived his right to contest the denial of his motion to suppress.  See Hill v. Commonwealth, 47 Va. App. 667, 676, 626 S.E.2d 459, 464 (2000).

For the foregoing reasons, the trial court lacked jurisdiction to reopen the case to amend appellant's guilty plea.  We therefore lack any basis to consider an appeal regarding the denial of appellant's suppression motion.  Accordingly, we dismiss the appeal.  See Minor, 66 Va. App. at 742-43, 791 S.E.2d at 764.

Dismissed.

---

[2] The statement of facts includes only limited information regarding the suppression motion and does not address the later proceedings pertaining to appellant's efforts to change his plea.