UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Decker, Judges AtLee and Malveaux


ALFRED A. HARPER

v.     Record No. 0589-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 11, 2022


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Randall G. Johnson, Jr., Judge

(Alfred A. Harper, on brief), *pro se*.

(Jason S. Miyares, Attorney General; Victoria Johnson, Assistant
Attorney General, on brief), for appellee.


Appellant Alfred A. Harper, *pro se*, appeals the circuit court's denial of his motion to vacate three summary contempt convictions. After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Because the circuit court lacked jurisdiction to consider Harper's motion, we lack jurisdiction, and accordingly we dismiss the appeal.

I. BACKGROUND

"When reviewing a trial court's decision on appeal, [this Court] view[s] the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Starr v. Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In 2011, Harper was indicted for four counts of credit card theft, two counts of credit card fraud, and conspiracy to commit credit card theft. On May 10, 2012, Harper pleaded guilty to one count of credit card theft, two counts of credit card fraud, and conspiracy to commit credit card theft, in violation of Code §§ 18.2-192, 18.2-195, and 18.2-22. After a short recess, Harper asked to withdraw his guilty pleas, which the circuit court denied. After a bench trial, he was convicted of the remaining three counts of credit card theft. Due to his courtroom conduct, the circuit court also convicted Harper of six counts of misdemeanor contempt. By final order entered May 17, 2012, the circuit court sentenced Harper to five years imprisonment for each felony conviction, six months in jail for five contempt counts, and five months in jail for the sixth contempt count. Harper's total sentence for all counts was thirty-five years and thirty-five months, with twenty-five years and twenty-four months suspended, resulting in an aggregate active sentence of ten years and eleven months.

Harper appealed his convictions to this Court, which denied the appeal by per curiam order on November 28, 2012. *Harper v. Commonwealth*, No. 1369-12-2 (Va. Ct. App. Nov. 28, 2012). The Supreme Court of Virginia refused his appeal on June 7, 2013. *Harper v. Commonwealth*, No. 122208 (Va. June 7, 2013). On January 7, 2022, Harper filed a *pro se* "Motion: To Vacate or Correct Illegal Sentence in Summary Contempt Cases." Harper asserted that he was only found in contempt three times. He alleges that when the circuit court announced its verdicts and summarized the multiple counts of summary contempt at the end of trial, it mistakenly convicted him of six counts of contempt. Therefore, he reasons, three of his contempt convictions are unlawful. The circuit court denied his motion to vacate the convictions on January 11, 2022.[1] Harper now appeals from that judgment.

---

[1] The circuit court's order states only that the motion is denied, without any accompanying explanation.

- 2 -

## II. ANALYSIS

Before this Court can address the merits of Harper's argument, we must first determine whether the circuit court had the authority to consider Harper's "Motion: To Vacate or Correct Illegal Sentence in Summary Contempt Cases." *See* Rule 1:1; *Hackett v. Commonwealth*, 293 Va. 392, 399 (2017) (holding that Rule 1:1 limits a court's authority to alter a final order, absent some other statute or rule, to twenty-one days following the date of entry of the order). We find here that the circuit court did not have such jurisdiction.

### A. *Standard of Review*

Our review of whether the circuit court retained jurisdiction over the case to allow it to consider appellant's motion involves the interpretation of the Rules of the Supreme Court of Virginia. Thus, it poses a question of law that we review de novo. *LaCava v. Commonwealth*, 283 Va. 465, 470-71 (2012).

### B. *Jurisdiction and Rule 1:1*

Harper contends that the circuit court originally found him in contempt only three times, but that when it articulated its rulings and sentence at the end of trial, the circuit court misremembered and convicted him of six counts of contempt. He claims that the record supports his claim that the circuit court unlawfully convicted him of three additional counts of contempt. Thus, he asks us to vacate these "illegal and void sentences."

"All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "On its face, Rule 1:1 terminates a court's jurisdiction twenty-one days after entry of a final order." *Martinez v. Commonwealth*, 71 Va. App. 318, 326-27 (2019). The time periods to note a direct appeal from Harper's convictions, to file a petition for a writ of habeas corpus under Code § 8.01-654, and for

the circuit court to entertain a motion to modify his sentence under Code § 19.2-303 have all long since expired.[2]

"[T]he running of the twenty-one-day time period prescribed by Rule 1:1 may be interrupted only by the entry, within the twenty-one-day period, of an order modifying, vacating, or suspending the final judgment order." *Hackett*, 293 Va. at 399 (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002)). "The twenty-one-day period is only tolled after entry of a final order or judgment through entry of an order that 'expressly modifies, vacates, or suspends the judgment.'" *Wells v. Shenandoah Valley Dep't of Soc. Servs.*, 56 Va. App. 208, 213 (2010) (quoting *Super Fresh Food Mkts. of Va.*, 263 Va. at 563, 560). Absent an express order, "the case will no longer be under the control of the trial court when the original twenty-one-day time period has run." *Super Fresh Food Mkts. of Va.*, 263 Va. at 561. No such order was entered in this case. Any action taken after the time expires "is a nullity." *Minor v. Commonwealth*, 66 Va. App. 728, 739-40 (2016).

Harper's argument ignores the effect of Rule 1:1(a). "Expiration of the twenty-one day time limitation divests the trial court of jurisdiction." *Stokes v. Commonwealth*, 61 Va. App. 388, 392 (2013) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 138 (2003)). Harper filed the motion to vacate well after the expiration of the twenty-one-day jurisdictional window defined by Rule 1:1(a). The record does not reveal, and Harper has provided no basis to conclude, that an exception to Rule 1:1(a) applies. Accordingly, the circuit court did not have jurisdiction to grant Harper the relief he requested. "[W]e have jurisdiction to consider his appeal only if the trial court had jurisdiction to entertain the underlying motion." *Minor*, 66

---

[2] Harper makes no claim that the circuit court was authorized to modify the sentencing order under Code § 8.01-428(B), which provides that "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party . . . ."

Va. App. at 738 (dismissing appeal because trial court no longer had jurisdiction over the case when it considered defendant's motion to withdraw his guilty pleas). Since the circuit court no longer had jurisdiction over the case to consider Harper's motion, we do not have jurisdiction to consider this appeal.[3]

### III. CONCLUSION

For the foregoing reasons, we dismiss Harper's appeal.

*Dismissed.*

---

[3] Harper's amended opening brief does not contain assignments of error despite notification that his brief did not comply with the rules of this Court by letter dated May 18, 2022. This Court only considers assignments of error contained in an appellant's opening brief. *See* Rule 5A:20(c). Thus, there are no issues properly before this Court for consideration.