COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Ortiz and Raphael

APRIL D. GALLOP

v.      Record No. 0687-22-2

CAMERON BAY HOMEOWNERS ASSOCIATION

APRIL D. GALLOP

                                                      MEMORANDUM OPINION*
v.      Record No. 0708-22-2                              PER CURIAM
                                                        JANUARY 31, 2023

CAMERON BAY HOMEOWNERS ASSOCIATION

APRIL D. GALLOP

v.      Record No. 0710-22-2

CAMERON BAY HOMEOWNERS ASSOCIATION


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven C. McCallum, Judge

(April Gallop, on briefs), *pro se*.

(David H. Solodar; Lenora Solodar; Solodar & Solodar, on briefs),
for appellee.


April D. Gallop, *pro se*, appeals the Chesterfield County Circuit Court's orders dismissing

her pleadings against Cameron Bay Homeowners Association (Cameron Bay). She contests the

court's jurisdiction to enter judgment against her on the underlying case, the setting of the trial date,

and the court's failure to sign her written statement of facts in lieu of a transcript. After examining

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the briefs and record, the panel unanimously holds that oral argument is unnecessary because "the appeal[s are] wholly without merit."[1]  Code § 17.1-403(ii)(a); Rule 5A:27(a).

## BACKGROUND

Under familiar appellate principles, we defer to the circuit court's factual findings and state the facts in the light most favorable to Cameron Bay, the prevailing party below.  *Koons v. Crane*, 72 Va. App. 720, 732 (2021).

In 2012, Gallop bought a lot in the Cameron Bay neighborhood.  In 2016, Cameron Bay filed a warrant in debt against Gallop in the general district court (GDC), alleging Gallop failed to pay the required 2016 homeowner's assessment of $150.  Cameron Bay sought judgment of $150, plus interest, court costs, and attorney fees.  On January 26, 2017, the GDC granted Cameron Bay its requested relief.  Gallop appealed to circuit court.

The circuit court heard the case on June 1, 2017.  In a June 12, 2017 order, the court awarded judgment to Cameron Bay in the amount of $150 with a six-percent interest rate, plus attorney fees and court costs.  The Supreme Court of Virginia denied Gallop's petition for appeal because she failed to preserve her objection in the circuit court.  On April 18, 2018, the Supreme Court denied Gallop's petition for rehearing as untimely.

In June 2018, Gallop moved to amend and reinstate the case on the circuit court's docket. Cameron Bay filed a plea of *res judicata*, arguing that Gallop was barred from moving to reinstate the case on the docket.  After a March 2019 hearing, the court denied Gallop's motion to reopen or reinstate the case based on lack of jurisdiction.

Gallop again failed to pay her homeowner's association dues, and Cameron Bay filed two more warrants in debt.  On June 4, 2019, the GDC granted Cameron Bay judgment on both.  Gallop

---

[1] We deny Gallop's request for ADA accommodations because we find oral argument is unnecessary.

appealed to the circuit court. Cameron Bay filed a plea of *res judicata*, based on the court's June 12, 2017 order that awarded judgment to Cameron Bay. The circuit court conducted a hearing on January 31, 2020, at which Gallop failed to appear. In orders dated February 26, 2020, and March 4, 2020, the court denied Cameron Bay's plea of *res judicata* as untimely, but entered judgment for Cameron Bay on the underlying cases.

On March 24, 2020, Gallop moved to reinstate the cases on the docket to vacate the "void" judgments against her. Gallop also moved to recuse the circuit court judge. The court took no action on the motions. In March 2022, Gallop filed briefs in support of her March 2020 motions.

In April 11, 2022 and April 21, 2022 orders, the court dismissed Gallop's pleadings for lack of jurisdiction under Rule 1:1. The court also held that "[t]o the extent that any of [Gallop's] referenced pleadings argue that the final Judgment Order was void *ab initio*, such argument is unsound and rejected." Gallop appeals.

ANALYSIS

On appeal, Gallop claims that the GDC and the circuit court erred by "operating as if they had subject matter jurisdiction" because she did not owe a debt to Cameron Bay. Gallop also argues that the circuit court erred in failing to set aside the earlier "void [j]udgments." Gallop asserts that the court erred in setting a hearing date that she could not attend and challenges the court's *sua sponte* dismissal of her motions. Finally, Gallop argues that the circuit court erred in failing to endorse the written statement of facts in lieu of a transcript. Gallop asks this Court to reverse the circuit court's "void judgments."

1. Jurisdiction

Before this Court can address the merits of Gallop's arguments, we must first determine whether the circuit court had the authority to consider Gallop's motions. *See* Rule 1:1; *Hackett v. Commonwealth*, 293 Va. 392, 399 (2017) (holding that Rule 1:1 limits a court's authority to alter a

final order, absent some other statute or rule, to twenty-one days following the date of entry of the order). We find that the circuit court did not have jurisdiction.

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "Neither 'the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, *nor the pendency of such motions* on the twenty-first day after final judgment is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1.'" *Wells v. Shenandoah Valley Dep't of Soc. Servs.*, 56 Va. App. 208, 213 (2010) (quoting *Super Fresh Foods Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002)). After entry of a final judgment, "[t]he twenty-one-day period is only tolled . . . through entry of an order that 'expressly modifies, vacates, or suspends the judgment.'" *Id.* (quoting *Ruffin*, 263 Va. at 562); *see also Coe v. Coe*, 66 Va. App. 457, 468 (2016). No such order was entered in this case.

In Gallop's first appeal, the circuit court entered a final order granting judgment to Cameron Bay on June 12, 2017. Gallop took no further action on that case until—following the denial of her appeal to the Supreme Court—in June 2018, she moved to reinstate the case on the circuit court's docket.

In Cameron Bay's subsequent actions against Gallop, the circuit court conducted a hearing on January 31, 2020, and entered orders granting an award to Cameron Bay on February 26, 2020, and March 4, 2020. The court did not suspend or vacate those orders, which would have tolled the time requirements of Rule 1:1.

Consequently, the circuit court's orders were "beyond [its] control" as of July 5, 2017, and March 25, 2020, respectively. *Westlake Legal Grp. v. Flynn*, 293 Va. 344, 352 (2017). The

court correctly dismissed Gallop's numerous motions and pleadings filed more than twenty-one days after the final orders, because the court had no jurisdiction to hear them.

## 2. Void Orders

Gallop claims that the final orders granting Cameron Bay judgment were void *ab initio*. We disagree. "A decree is void *ab initio* if it 'has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter of the parties.' A void judgment may be attacked collaterally or directly in any court at any time." *Rogers v. Damron*, 23 Va. App. 708, 711 (1997) (quoting *Rook v. Rook*, 233 Va. 92, 95 (1987)). "In contrast, an order is merely voidable if it contains reversible error made by the trial court." *Singh v. Mooney*, 261 Va. 48, 52 (2001). "The distinction between an action of the court that is void *ab initio* rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error." *Id.* at 51.

Gallop contends that the circuit court lacked subject-matter jurisdiction to enter judgment in Cameron Bay's favor because she was not a member of the homeowner's association, and thus not required to pay the homeowner's association assessment to Cameron Bay. That argument, however, challenges the circuit court's factual findings; it does not address the court's subject-matter jurisdiction or otherwise present a basis for declaring the orders void *ab initio*.

## 3. Hearing Date

Gallop also asserts that the circuit court erred in setting a hearing date that she could not attend. Gallop argues that the court set a date not agreed upon by the parties and that she missed the trial date due to a disability. In its February 26 and March 4, 2020 orders, the court denied Gallop's motion for a continuance. Because these orders were not stayed, modified, or vacated, the court lost jurisdiction to reconsider them twenty-one days following their entry. *See* Rule 1:1.

- 5 -

### 4. Written Statement of Facts in Lieu of a Transcript

Gallop challenges the court's failure to sign the written statement of facts in lieu of a transcript. Gallop, however, failed to comply with Rule 5A:8(c). This Court has held that an appellant establishes *prima facie* compliance with Rule 5A:8(c) if she timely files the written statement of facts in lieu of a transcript with the clerk of the trial court and mails or delivers a copy to opposing counsel "along with a notice that the statement will be presented to the trial judge between fifteen and twenty days after filing." *Proctor v. Town of Colonial Beach*, 15 Va. App. 608, 610 (1993) (*en banc*). Gallop did not include the requisite notice to Cameron Bay that the statement would be presented to the trial judge "no earlier than 15 days nor later than 20 days" after its filing. Rule 5A:8(c)(1). Consequently, the statement of facts is not a "part of the record." *Clary v. Clary*, 15 Va. App. 598, 600 (1993) (*en banc*) (quoting *Mayhood v. Mayhood*, 4 Va. App. 365, 369 (1987)). Considering Gallop's failure to establish "*prima facie* compliance," we hold that a remand for compliance by the trial judge is inappropriate.

### 5. Attorney fees

Cameron Bay askes this Court for attorney fees and costs incurred on appeal. *See O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Friedman v. Smith*, 68 Va. App. 529, 545 (2018). The homeowner's association bylaws authorize Cameron Bay to recover "costs and reasonable attorney's fees" in an action against an owner for nonpayment of assessments. Likewise, Code § 55.1-1828(B) states that the prevailing party in an action for nonpayment of assessments "shall be awarded reasonable attorney fees [and] costs expended in the matter" if the owner "has had legal actions taken against him for nonpayment of any prior assessment."

Having considered the entire record, and based on the authority in the homeowner's association bylaws and Code § 55.1-1828(B), we grant Cameron Bay's request for a reasonable

amount of attorney fees and costs incurred on appeal. We remand this case to the circuit court for determination and award of the appropriate appellate attorney fees and costs, which also should include any new attorney fees incurred at the remand hearing. Rule 5A:30(b).[2]

CONCLUSION

For these reasons, the circuit court's judgment is affirmed. We remand this case to the circuit court for determination and award of the appropriate appellate attorney fees, which also should include any added attorney fees incurred at the remand hearing.

*Affirmed and remanded.*

---

[2] We deny Cameron Bay's request for sanctions.