UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, White and Senior Judge Annunziata
Argued at Fairfax, Virginia

JACKSON SCOTT FOSTER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1366-24-4                JUDGE MARY BENNETT MALVEAUX
                                                    NOVEMBER 18, 2025
HAE-RYUN "ANN" FOSTER


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Tracy Hudson, Judge

Collin Chayce Crookenden (Vanderpool, Frostick & Nishanian, P.C.,
on briefs), for appellant.

Isaac Laudenslager Moore (Ashleigh Iszard; Tobias Iszard P.C., on
brief), for appellee.


Jackson Scott Foster ("husband") appeals from the circuit court's order entering a final

decree nunc pro tunc divorcing him from Hae-Ryun "Ann" Foster ("wife").  Husband argues that

the circuit court lacked jurisdiction to add language to the final decree because the added

language was not a correction to a clerical error pursuant to Code § 8.01-428(B).  For the

following reasons, we affirm.

I.  BACKGROUND

"When reviewing a [circuit] court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting [them] the benefit of any reasonable inferences."

*Ugarte v. Ugarte*, 84 Va. App. 50, 57 (2025) (first alteration in original) (quoting *Wolfe v. Shulan

Jiang*, 83 Va. App. 107, 111 (2025)).

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

Husband and wife appeared in the circuit court in January 2019 to litigate their divorce, including wife's request for spousal support. From the bench, the circuit court stated that in determining spousal support it had "considered all of the factors in [Code §] 20-107.1(E) as to which evidence was presented," including how the award would be taxed to the parties. On the issue of taxation, the circuit court stated, "tax consequences. My understanding is that under the new tax law any spousal support would be neither deducted nor taxable to [wife]. I stand corrected on that." The circuit court then awarded wife $5,000 in monthly spousal support payments from husband.

The final decree of divorce, entered in February 2019, memorialized the spousal support award. The decree also noted that the award was "based upon the [c]ourt's consideration of the factors set forth in [Code] Section 20-107.1 . . . which is set forth more fully in the transcript of the [c]ourt's ruling previously attached as Exhibit B." That exhibit comprised a complete transcript of the circuit court's ruling from the bench, including its statements regarding the tax consequences of the spousal support award. And elsewhere, the decree made clear that "Exhibit B [is] incorporated by reference" into the final decree. But the 21-page final decree itself contained no language addressing the spousal support award's tax consequences.

In 2024, acting pursuant to Code § 8.01-428(B), wife filed a motion to correct an alleged "clerical error" in the final decree. Wife noted that a 2018 pendente lite order requiring husband to pay her spousal support had been "superseded and replaced" by the final decree. She also noted that the circuit court's 2019 spousal support award was based on the "ruling . . . that 'under the new tax law any spousal support would be neither deducted nor taxable to [wife].'" Wife asserted that the circuit court "was correct in its interpretation that for entry of decrees on or after January 1, 2019," the Internal Revenue Service ("IRS") "indicated that spousal support would no longer be deductible by the payor and treated as income by the payee." She also represented that at the time of the final

decree, the parties understood that "pursuant to the IRS provisions, no additional language needed to be in the [final decree] regarding the tax treatment as this was an initial [final decree] establishing support, done after January 1, 2019, and therefore the new tax treatments applied." But wife had since been audited by the IRS and the IRS was asserting that the 2019 final decree merely "modified the award of spousal support" in the pendente lite order, "and therefore the 2018 tax rules for spousal support apply." Accordingly, for the IRS to "understand," wife maintained it was necessary for the circuit court to "correct the [f]inal [d]ecree." She asked that the court "specifically clarify and state that the 2019 IRS provisions regarding payment of support specifically apply" to the decree, "in addition to the language set forth in the [t]ranscript, which is incorporated by reference." Wife asserted that this action was "necessary to ensure that the IRS treats her receipt of the spousal support as this [c]ourt intended and ruled."

Husband objected, arguing that the circuit court had not committed any clerical error or oversight pursuant to Code § 8.01-428(B). He also contended that wife was "actually seeking a substantive modification" of the final decree, and therefore the circuit court lacked jurisdiction to modify the decree pursuant to Rule 1:1.

At a hearing on the matter, wife reiterated her arguments, adding that not only the parties but the court had understood at the time of the divorce proceedings "that the 2019 tax treatment applied to this case. And that is evidenced by the [c]ourt's ruling in the transcript that [was] attached." Accordingly, wife stated, "any lack of reference" to tax matters "in the final decree, is simply a clerical error. . . . [W]e are simply asking the [c]ourt to clarify its intent that that 2019 tax treatment applied." Wife concluded her argument by stating she was "not necessarily saying the [c]ourt made a clerical error. In fact, in looking at it, I think the [c]ourt did appropriately state its ruling," but "[t]he omission or the oversight is simply that it was not included anywhere else in the final decree."

The circuit court had "iterated to the parties" what this "new tax law treatment was, at that point in time. It's in the transcript, it's just an oversight" that "[i]t's not in the order."

In ruling on wife's motion, the circuit court stated that "[a]s far as the language here that says I stand corrected on that, in all candor, I have no idea what I meant by that comment." But the circuit court found that "this is a clerical error" and "the final decree does not properly reflect my consideration of the tax factor. I did consider it. I stated it on the record, I considered in making my award that it would not be deductible or taxable."

The circuit court entered a final decree of divorce nunc pro tunc that included language specifying that its spousal support award reflected a consideration of the tax consequences to the parties. The circuit court also stated that the award "is not deductible by [husband] nor taxable to [wife], pursuant to the [t]ranscript previously attached as Exhibit B."

This appeal followed.

## II. ANALYSIS

Husband argues that the circuit court erred when it found, based on the 2019 transcript, that it had committed a clerical error and amended the final decree nunc pro tunc. He contends that in the absence of a clerical error, any modification of the final decree was substantive in nature and therefore precluded by the application of Rule 1:1. We disagree.

"All final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). However, "Code § 8.01-428(B) provides a limited exception to the finality imposed by Rule 1:1." *Minor v. Commonwealth*, 66 Va. App. 728, 740 (2016). "Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party." Code § 8.01-428(B).

- 4 -

"A court has power to make an entry *nunc pro tunc*, in the exercise of its discretion, to correct the court's records so that they speak the truth." *Jefferson v. Commonwealth*, 269 Va. 136, 140 (2005). "The purpose of a nunc pro tunc entry is to correct mistakes of the clerk or other court officials, or to settle defects or omissions in the record so as to make the record show what actually took place." *Hackett v. Commonwealth*, 293 Va. 392, 400 (2017) (quoting *Council v. Commonwealth*, 198 Va. 288, 293 (1956)). However, "[i]t is not the function of such entry by a fiction to antedate the actual performance of an act which never occurred, to represent an event as occurring at a date prior to the time of the actual event, or to make the record show that which never existed." *Id.* (quoting *Council*, 198 Va. at 293). "The court's authority . . . extends no further than the power to make the record entry speak the truth," *Ziats v. Commonwealth*, 42 Va. App. 133, 140 (2003) (alteration in original) (quoting *Council*, 198 Va. at 292), and therefore "[t]he court has the power to correct the record under Code § 8.01-428(B) only 'when the record clearly supports such corrections.'" *Sch. Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 555 (1989) (quoting *Cutshaw v. Cutshaw*, 220 Va. 638, 641 (1979)). "We apply an abuse of discretion standard to evaluate whether the trial court entered a valid *nunc pro tunc* order." *Ziats*, 42 Va. App. at 140.

We find no abuse of discretion in the circuit court's entry of the decree nunc pro tunc because the record clearly supports the the court acted to remedy an omission in the record "so as to make the record show what actually took place." *Hackett*, 293 Va. at 400 (quoting *Council*, 198 Va. at 293). The transcript of the 2019 divorce hearing demonstrates that the circuit court considered how spousal support would be taxed to the parties and found that "spousal support would be neither deduct[ible] nor taxable to [wife]." That consideration and finding in the transcript was incorporated by reference into the 2019 final decree, although it was not explicitly stated in the body of the final decree itself. Upon review of the 2019 hearing transcript, the circuit court found that the final decree itself "does not properly reflect my consideration of the tax factor. I did consider it. I

stated it on the record, I considered in making my award that it would not be deductible or taxable."

It then entered a final decree of divorce nunc pro tunc that included, in the body of the decree, an

explicit statement that its spousal support award would not be deductible by husband or taxable to

wife, "pursuant to the [t]ranscript previously attached as Exhibit B." Accordingly, the circuit court

did nothing more than "make the record . . . speak the truth," *Ziats*, 42 Va. App. at 140 (quoting

*Council*, 198 Va. at 292), utilizing its power pursuant to Code § 8.01-428(B) where "the record

clearly supports" its action.[1] *Sch. Bd. of City of Lynchburg*, 237 Va. at 555 (quoting *Cutshaw*, 220

Va. at 641).

### III. CONCLUSION

We find no abuse of discretion by the circuit court in amending the final decree of

divorce nunc pro tunc and affirm the court's judgment.

*Affirmed.*

---

[1] Even assuming arguendo that the circuit court erred in finding that it had committed a "clerical error" in the final decree, any such error was harmless, because for the reasons stated above, the court was empowered to address an omission by entering a final decree nunc pro tunc. *See Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 564 (2018) (noting that any non-constitutional error is harmless "if a reviewing court can conclude . . . that, had the error not occurred, the [outcome] would have been the same" (first alteration in original) (quoting *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1006 (1991) (en banc))); *Welsh v. Commonwealth*, ___ Va. ___, ___ (Mar. 20, 2025) ("An appellate court can conclude that a non-constitutional error is harmless 'if it can conclude that the error did not influence the [result] or had but slight effect.'" (quoting *Commonwealth v. Kilpatrick*, 301 Va. 214, 216 (2022))). Stated differently, the specific label the circuit court used to describe its basis for acting under the statute would not be dispositive here.